NO. AP-76,188

IN THE COURT OF CRIMINAL APPEALS

AUSTIN, TEXAS

NO. 1195044

IN THE TRIAL COURT

230TH JUDICIAL DISTRICT

HARRIS COUNTY, TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS
JUN 2 5 2010
Louise Pearson, Clerk

| | | |
|---|---|---|
| ROBERT ALAN FRATTA | § | APPELLANT |
| VS. | § | |
| THE STATE OF TEXAS | § | APPELLEE |

MOTION FOR ORAL ARGUMENT
IN THIS DEATH PENALTY APPEAL

ALLEN C. ISBELL
202 Travis, Suite 208
Houston, Texas 77002
713/236-1000
Fax No. 713/236-1809
STATE BAR NO. 10431500

COUNSEL ON APPEAL

**TO THE HONORABLE COURT OF CRIMINAL APPEALS:**

COMES NOW, ALLEN C. ISBELL, appointed counsel for Robert Fratta, and files this request for oral argument, and for cause would show the following:

I.

This is a death penalty appeal, and counsel requests the opportunity to argue orally all the issues raised in the brief.

2.

Points of Error 1-20 ought to be argued orally because they involve whether *Crawford v. Washington*, 541 U.S. 36 (2004) includes out of court statements made by a co-defendant to his girl friend, when those statements were in response to her direct questions and made at a time when she was collecting evidence about the murder which she used later as a "get out of jail free" card by turning over the evidence to the police. If Crawford v. Washington 541 U.S. 36 (2004) does not apply, the issues concern whether any of them are admissible under *Texas Rule of Evidence*, Rule 803(24), using the two step analysis suggested by this Court in *Walter v. State*, 267 S.W.3d 883 (Tex.Crim.App. 2008).

3.

Points of Error 23-26 ought to be argued orally because they involve the right to conflict-free counsel which this Court has never addressed directly, such as (1) what procedure a trial court is to follow when a conflict of interest between trial counsel and the accused appears at the penalty phase of a capital trial; (2) what is the proper remedy when the prosecution creates a conflict of interest between trial counsel and the accused at the penalty phase of a capital trial; (3) whether the trial court is obligated to ensure that a capital defendant has the benefit of conflict-free counsel at the punishment phase of a capital trial; (4) whether the trial court is obligated to inquire whether an accused wishes to waive his right to a conflict-free counsel at the punishment phase of a capital trial; and (5) what is the proper remedy if the trial court continues the punishment phase of a capital trial after it is clear that a conflict of interest has risen between counsel and the accused, and the accused has not waived his right to a conflict-free counsel?

WHEREFORE PREMISES CONSIDERED, appellant prays for the right to argue all the points of errors in his brief. If this is denied, appellant prays for the right to argue points of

error 1-20 and 23-26.

Respectfully submitted,

_____
ALLEN C. ISBELL
202 Travis, Suite 208
Houston, Texas 77002
713/236-1000
Fax No. 713/236-1809
STATE BAR NO. 10431500

COUNSEL ON APPEAL

### Certificate of Service

I hereby certify that on this 22nd day of June, 2010, a true and correct copy of the foregoing Motion was sent to the District Attorney's Office, Appellate Division.

_____
ALLEN C. ISBELL