UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

Robert Alan Fratta,                     X
    Petitioner
VS.                                     X           CIVIL ACTION NO. 4:13-CV-3438
Lorie Davis,
    Respondent                          X

MOTION FOR RELIEF FROM 9/18/17 ORDER AND PRIOR ORDERS UNDER FRCP 60(b)
[or FRCP 59(e) or 60(d)(1)]

This Court has ordered Petitioner ("Fratta") to not file any more pro se pleadings, and denied Fratta's attorney's ("Rytting") petition in the Order dated 9/18/17. Fratta has no idea what Rytting will file, if anything, and a motion under FRCP 59(e) must be filed within 28 days. October 16th marks the 28th day and is the day Fratta is mailing this motion. Being imprisoned, the date mailed by a prisoner counts as the official date filed by that prisoner. Fratta asks the Court to accept this motion IN THE INTEREST OF JUSTICE - unless Rytting has filed a better one. As cause for accepting and granting this motion, Fratta shows the following:

If Rytting has not filed under FRCP 59 as he told Fratta during visit on 9/25/17, then he has lied to Fratta and abandoned him in this critical matter. Therefore the only person who can file this motion is Fratta himself - since Rytting told Fratta that attorney Stephen Randall is withdrawing. This Court is not precluded from accepting this pro se motion - as other federal courts have done so for prisoners; including fellow Death Row inmates John Battaglia and Will Irvan.

Alternatively, both FRCP 59 & 60 allow for the Court to grant relief "on its own" accord.

Regarding the 9/18/17 Order itself, there has been a manifest error of law and fact. (See Harrington v. City of Chicago, 433 F3d 542,546, 7th Cir. 2006)

1.

which merit relief in the form of reversal of its stance on the sufficiency of the evidence issues and a ruling for acquittal. Even if the Court refuses to acquit, it should at least remend back to State Courts as Fratta will show below.

On p.43 of the Order, the Court demonstrated clear bias against Fratta in the tirade it launched against him for his pro se filings. Being innocent, framed, and sabotaged by attorneys and judges, Fratta admits to losing faith in the judicial system and even developing contempt ~~~~~~~~ towards it. Fratta firmly believes Judge Harmon and her clerk(s) would do the same in his shoes and asks the Court to put its contempt for him aside and focus instead on the laws, facts, and U.S. Constitution Bill of Rights.

Fratta would like to point out that the Court AGREED with him on the Brady evidence. Fratta insisted to all his attorneys that he wanted them to introduce the confessions Prystash and Guidry made to him in 1998 while at the Ellis Unit. (Please read those 2 confessions and affidavit attached to Fratta's "Supplement to 11/16/11 Pro Se Motion to Dismiss" dated 9/10/12 and filed during State habeas). But all the attorneys REFUSED. During this appeal - Rytting insisted on filing the Barlow fingerprints instead. Fratta kept asking for the reports of it all because Fratta firmly believed the confessions to be the truths of what happened. After finally getting the reports, Fratta told one of his attorneys how the report didn't say WHICH car Barlow's prints came from, and that logic would dictate they came from his Vette rather than Farah's car. Fratta insisted they research to find out exactly which car his prints came from. But as usual, Fratta's attorneys ignored him and filed it without any research. This is WHY Fratta holds contempt and is forced to write pro se pleadings in his pursuit of justice. Unless Barlow's prints did come from Farah's car, this entire issue was a moot point and waste of time. But this Court wants Fratta to suffer for it and that's not fair. Fratta asks for understanding and reconsideration.

Fratta now focuses on the sufficiency of the evidence issues. Altho Rytting

focused on the hybrid aspect of Fratta's pro se direct appeal briefs, he did also raise how Fratta requested to be pro se in direct (as Fratta insisted should be the focal point; especially since the CCA denied Fratta's motions). This Court ignored the pro se only aspect and only addressed the hybrid. Fratta needs this Court to address how the CCA also denied him from being pro se only. (See the rulings on Fratta's motions to be pro se). On p.2 of its Opinion, the CCA made a footnote which ERRONEOUSLY claimed Fratta only tried to "supplement" his attorney's ("Isbell") efforts and denied Fratta from filing as "hybrid". But that was AFTER they denied Fratta's motions to be pro se too. The hybrid aspect is all this Court focused on too, and that's a crucial error dealing with cause and prejudice and constituting a fundamental miscarriage of justice for Fratta. This Court needs to look at all Fratta's motions where he requested and even asserted and invoked himself to be fully pro se to the point of SUBSTITUTING his Volume One brief (See Rytting's Exhibit 2) for Isbell's. In a motion attached with that Volume One brief, and again in the Prelude of the brief itself, Fratta instructed the CCA to substitute his brief in place of Isbell's. Whereas Fratta's 1st pro se brief (See Rytting's Exibit 1) was clearly an attempt to "supplement" Isbell's brief, Fratta's 2nd brief in Exhibit 2 was clearly submitted to "substitute" it. This substitution is evident by the fact Fratta labelled his brief as "Volume One" and that Isbell's could be "Volume Two" ONLY to spare an imprisoned Fratta from having to type all that up himself. This Court only ruled on a "supplemental" aspect and now should recognize and rule on the "substitutional" aspect since there's a huge difference between the 2 aspects. Supplementing deals with hybrid while substituting deals with being fully pro se only - as the trial court granted of Fratta in State habeas and as this Court duly noted on p.43 of the Order by correctly using the word "substitute" rather than "supplement".

   This Court should also recognize the CCA's error in stating: "Appellant does not challenge the sufficiency of the evidence of guilt" just 2 sentences

after its footnote on p.2. Fratta is the only true "Appellant" and this Court **knows** Fratta surely DID "challenge the sufficiency of the evidence of guilt" in both of his pro se briefs of Exhibits 1 & 2. It's Isbell who didn't make the challenge; not Fratta. Yey once again this Court punished Fratta for his attorneys' incompetence and ineffectiveness, and that's not right or fair to Fratta who has done everything he possibly can from Death Row. When Fratta asserted himself to file as pro se, the CCA should either have granted such or conducted a hearing to make a lawful determination. Yet it did neither and that's unconstitutional. Fratta merits federal protection here.

When the evidence is insufficient, a constitutional violation has occurred that at minimum "probably resulted" in the conviction of one who is actually innocent. This constitutes a fundamental miscarriage of justice and unfair trial. Fratta asked for a <u>Jackson</u> review in his Ex. 2 brief, and Rytting asked this Court for it now.

This Court addresses the "Procedurally Deficient Claims" starting on p.29 under "II.", which includes the sufficiency of the evidence, then fully addresses its merits from p.64 "D". Fratta now addresses all the ensuing errors which are grounds for relief. On p.65 it states: "The State never alleged that Fratta himself killed Farah." The indictment, which IS what "The State" "alleged", very clearly states in all 4 counts that "Fratta himself killed Farah" by shooting her himself. No count of the State's allegations in the indictment state that Prystash or Guidry shot Farah. Fratta is indicted as the ONLY "shooter".

The Court then describes the explanation and application paragraphs of the jury charge, but fails to note the "and/or" aspect of the explanation is unlawful and unconstitutional (due process, notice, & fair trial) because that wording is not authorized by the indictment and greatly lessens the burden of proof for the jurors to convict. Each count of the indictment has only 1 other person cited in counts 1-3. Therefore a 3rd person or one different from the indictment

cannot be added in now because Fratta is NOT charged with conspiracy. This is critical and Fratta will come back to it.

On p.69 the Court stated: "The jury returned a general verdict, meaning that the jury could have based Fratta's conviction on any theory PLEADED IN THE INDICTMENT." (Emphasis mine). This is impossible since the indictment clearly states Fratta was the only shooter in counts 1-3, and the sole burglar and shooter in count 4, and the evidence showed Fratta did NOT shoot Farah or commit any burglary. The ONLY conclusion to make here is that the jurors based their decision solely on the jury charge wording and their emotions rather than their logic.

The Court goes on to clearly infer and explain that the ONLY count Fratta could be found guilty of was the 3rd and final count of the jury charge, which is the burglary murder. P.70 demonstates the Court's erroneous way of thinking very clearly. It states the State had to prove that: "(1) Prystash or Guidry committed a burlary while killing Farah and that (2) Fratta was culpable under the law of parties for 'solicit[ing], encourage[ing], direct[ing], aid[ing], or attempt[ing] to aid' Prystash or Guidry in killing her." But that's NOT what the State HAD to prove even under that unlawful law of parties addition. The application paragraph states: "...solicited...to commit THE OFFENSE." The Court WRONGLY claims "the offense" is the "killing her" aspect, or the murder ONLY. That contradicts the explanation paragraph (2nd paragraph on p.4 of the jury charge) which instructs the jurors the offense here is "THE BURGLARY of a building". This Court is mixing and matching things with the mentality of conspiracy just to uphold Fratta's conviction. This Court also neglected to continue with the application wording which instructs the jurors they must convict Fratta of this burglary murder "AS CHARGED IN THE INDICTMENT". Again, the jurors did not follow those instructions since the indictment doesn't cite anyone other than Fratta. This is critical - as Fratta noted in his Exhibit 2 brief. In this count, Fratta is indicted as the **SOLE ACTOR** of a burglary murder. When a person

is indicted as a sole actor, no law of parties can be added to include other actors. Any other actors must be cited, even if unnamed, in the indictment charges. This is displayed by the State citing Prystash and Guidry in indictment counts 1 thru 3. For this Court to rule it lawful to add Prystash, Guidry, and/or both or either to the burglary murder count - is saying the State didn't need to cite Prystash or Guidry in ANY of the 4 indictment counts. This Court has given carte blanche to the State to add any accomplices to any charge any time it wants! Fratta maintains this is a blatant fundamental miscarriage of justice and violation of his Constitutional Rights. Whereas it's amazingly case law to allow the addition of the law of parties to a jury charge, Fratta knows of NO LAWS allowing for such addition when indicted as a sole actor, and THIS COURT CITED NO SUCH LAWS in allowing this addition to stand. Instead - this Court erroneously stated in footnote 33 on p.74: "Fratta does not provide any support for that purported legal requirement." Here again, yes, "FRATTA" certainly DID in his Exhibit 2 brief. Fratta cited CCP Art. 21.05, Malik v. State, Curry v. State, material/fatal variance under Planter and Gollihar, and violations of due process and proper notice under the Texas Constitution and U.S. 5th, 6th, and 14th Amendments. Altho Rytting didn't cite these (plus others Fratta requested of him) within his brief, he does have Fratta's brief with these legal requirements duly presented as his Exhibit 2. This Court should have taken that Exhibit into consideration, yet didn't. Fratta's Exhibit 2 brief gives very sufficient legal requirements to show that no law of parties or addition of Prystash or Guidry can be added to the 4th count of the indictment (3rd count of the jury charge), and therefore Fratta must be acquitted on that count. Since Prystash didn't shoot Farah, Fratta must be acquitted on the 1st jury charge count. And since Fratta didn't "solict, etc," Guidry in any manner, Fratta must also be acquitted on the 2nd count of the jury charge, whereby acquitted of capital murder and murder altogether - now on appeal.

6.

Citing <u>Boyer</u> on p.71 of the Order, this Court's mentality misrepresents the plain facts of ~~~~~~~ Fratta's case. To break down: "The State may secure a conviction if the conduct of the principal actor results in the commission of an offense, and another party solicited that conduct"; the "principal actor" whose "conduct" resulted in "THE COMMISSION" of the offense - was by ASSUMED evidence, GUIDRY, not Fratta. (Note: Fratta points out there is NO EVIDENCE whatsoever as to Guidry being at the scene, or, WHO used Mary Gipp's phone to call whom). Then the "another party" who "solicited THAT conduct" (of Guidry) was PRYSTASH, not Fratta. By this Court's own conclusionary sentence, Fratta is not even in that equation.

The Court IS correct in noting on p.72 that: "the **jury instructions** allowed for Fratta's conviction if he employed Prystash or Guidry and one of the two men killed her." (Emphasis mine). Now Fratta asks the Court to recognize the unconstitutionality and fundamental miscarriage of justice the jury instructions (between the jury charge itself and State's explanation to the jurors) caused - as Fratta pointed out herein and in his Exhibit 2 brief, and by Rytting in his brief. The law of parties cannot be added to the burglary murder and this Court must apply a hypothetically correct jury charge ~~~~~~~ that omits it when assessing the sufficiency of the evidence. Equally important, this Court cannot consider any conspiracy aspects in its assessment of each count (and Fratta urged Rytting to point this important aspect out in his brief).

This Court committed a fundamental miscarriage of justice and violated Fratta's Rights by applying conspiracy to its decision making. Starting with p.71 the Court again erroneously stated: "FRATTA, however, has not shown under Texas law that the law of parties requires a personal relationship between the actors", but "Fratta" DID state so in his Exhibit 2 brief as cited above. On p.7 of that brief, Fratta also argued it under the capital murder laws (PC 19.03) and law of parties law itself (PC 7.02(a)). Please read that brief. This Court took it upon

7.

itself to EXPAND the law of parties into conspiracy assessments and even cites conspiracy case law. FRATTA IS NOT CHARGED WITH CONSPIRACY - either in his indictment or jury charge, and therefore THIS COURT CANNOT CONSIDER CONSPIRACY AT ALL. Conspiracy can ONLY be brought in by an indictment under PC 15.02. Then PC 7.02(b) can be added into the jury charge instructions. Fratta is not charged under PC 15.02, nor was PC 7.02(b) given as instructions in the jury charge, nor could they be or can they be added or assessed now. Therefore every charge in Fratta's case can only be considered under a direct person to person contact as Fratta explained in his Exhibit 2 brief and Rytting explained further in his.

Fratta has demonstrated cause, prejudice, unfair trial, violations of his Rights, and fundamental miscarriages of justice committed by the CCA for denying Fratta to file pro se, etc, and by this Court's 9/18/17 Order now. For these reasons, and in the interest of justice, Fratta believes this Court has jurisdiction to rule on the merits directly and properly this time. Fratta requests this Court to either grant this motion or take its own initiative to read his Exhibit 2 brief, reassess the sufficiency of the evidence claims, and see fit to rule he be acquitted on all 3 counts of the jury charge and ordered released within 90 days from his unlawful confinement.

In a much less desired alternative, should the Court decide it cannot or will not rule on the merits as requested above, then Fratta requests the Court remand him back to State courts with instructions for them to rule on the merits of Fratta's Exhibit 2 brief issues. Also, since this Court erred in stating on p.5 that his conviction was challenged during State habeas when it was NOT (Fratta's attorney's writ raised only 4 issues, - 3 punishment phase and 1 "throw-down" grand jury issue. NONE "challenged his conviction" as required by 11.071 and case laws. That's why Fratta tried to get that "non-application" dismissed and the Office of Capital Writs appointed to investigate and file anew), Fratta additionally requests that in its remand - the Court

8.

also order the State courts to dismiss the previous 11.071 application and appoint the Office of Capital Writs to investigate and file a new original 11.071 writ - **IF** both courts DENY Fratta's Exhibit 2 sufficiency of the evidence claims and don't acquit him.

Submitted by:

*[signature]*

Robert Alan Fratta, Petitioner

Polunsky Unit, #999189

3872 FM 350 South

Livingston, TX 77351

Signed: 10/15/17

Mailed: 10/16/17 ("filing" date)

9.