UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| Robert Alan Fratta, Petitioner | X | |
| v. | X | CIVIL ACTION No. 4:13-cv-03438 |
| Lorie Davis, Respondent | X | |

MOTION TO RULE ON MOTION 60(b) OF DOCKETS 87 & 88

To the Honorable Judge Andrew Hanen:

Comes now the Petitioner, Robert Alan Fratta, and files this motion pro se in first person narrative.

I.

On 3/11/19 I mailed/filed an Advisory Motion (See Dkt. 104) to notify the Court of my lawful requests since December 2018 (4 months now) for my attorneys to please file another motion 60(b) on my behalf because former judge Melinda Harmon had contemptuously ordered my original 60(b) stricken from my records (See Dkts. 87, 88 & 90). After receiving notification of my Advisory to the Court, attorney Timothy Gumkowski wrote me a short Jpay.com email message on 3/19/19 saying he or Tivon Schardl would visit me about it "soon". I believe this Court will agree, "soon" has long since passed and they still have not told me if they even will file another 60(b). For the past 2 months I've been under duress for being eligible to be given an execution date. It's inhumane and ineffective assistance for my attorneys to do and tell me nothing and allow me to receive a date and be immediately placed into a "death watch" cell. Justice delayed is justice denied. So in the interest of justice I ask this Court to please pull my motion 60(b) and its amendment insert (Dkts. 87 & 88) from my file and rule on it. When deciding, I ask the Court to take my petition for writ of certiorari and its Appendices A thru M into consideration as grounds for

support to **grant** my 60(b) and rule for acquittal. I'm enclosing a double-sided copy of my petition as "Attachment A" for now, but ask the Court to order the Clerk to obtain a one-sided copy of it, plus Appendices A thru M from the Supreme Court since I don't have a copy to submit herein. There's a great deal of supporting arguments and evidence in those exhibits therein.

II.

In the alternative, if Judge Hanen also wishes to not accept my meritorious 60(b) simply because it's pro se, I ask that my attorneys be ordered to file one for me that includes **all** my points and arguments, and **be approved by me before** they submit it to the Court.

Respectfully submitted,

*/s/ Fratta*

Robert Alan Fratta, Petitioner
Polunsky Unit, #999189
3872 FM 350 South
Livingston, TX 77351

Mailed/Filed: 4/22/19

ATTACHMENT A

No. 18A232  18-6298

Supreme Court, U.S.
FILED
AUG 29 2018
OFFICE OF THE CLERK

IN THE

SUPREME COURT OF THE UNITED STATES

Robert Alan Fratta — PETITIONER
(Your Name)

vs.

Lorie Davis — RESPONDENT(S)

ON PETITION FOR A WRIT OF CERTIORARI TO

United States Court of Appeals for the 5th Circuit
(NAME OF COURT THAT LAST RULED ON MERITS OF YOUR CASE)

PETITION FOR WRIT OF CERTIORARI

Robert Alan Fratta
(Your Name)
Polunsky Unit, #999189

3872 FM 350 South
(Address)

Livingston, TX 77351
(City, State, Zip Code)

936/967-8082
(Phone Number)

(Attachment A)

SUBSIDIARY QUESTIONS FAIRLY INCLUDED THEREIN THE QUESTION - PER RULE 14.1(a)

(a) Is it unconstitutional to execute a person when the evidence was legally insufficient to have convicted him?

(b) Is it violations of Notice &/or Due Process to indict a person as being the sole or only actor of a crime but then add other actors into a jury charge under a law of parties scheme, or must the indictment count charge that other actors/"parties" (even unnamed) are also somehow involved in the first place?

(c) Is it unconstitutional (&/or in violation of <u>Chiarella</u> &/or <u>Dunn</u>) for appellate courts to add uncharged unpresented elements into assessing the sufficiency of the evidence to affirm a person's conviction?

(d) Is it unconstitutional to uphold a conviction when there was a fatal/material variance?

(e) Is it unconstitutional to uphold a conviction when there was a constructive amendment?

(f) Is it unconstitutional to uphold a conviction based on an unpolled general verdict where the additions of "and/or" and multiple persons created invalid alternative theories not charged in the indictment and constituted different uncharged offenses - making it unknown what or how to appeal the conviction?

(g) Is it unconstitutional (&/or in violation of <u>Jackson v. VA.</u>) for Circuit Courts to refuse to make a <u>Jackson</u> determination on the sufficiency of the evidence requested by the appellant's attorney?

(h) Is it cruel and unusual punishment &/or violations of Due Process &/or the Right to Petition the Government for Redress of Grievances to execute persons who get strapped with ineffective or even sabotaging attorneys and exercise all due diligence trying everything they could to prove their innocence &/or get meritorious claims heard, but the Circuit, federal and State Courts

# LIST OF PARTIES

All parties appear in the caption of the case on the cover page.

TABLE OF AUTHORITIES CITED

CASES                                                          PAGE(S)

Chiarella v. U.S., 445 U.S. 222  . . . . . . . . . 13

Dunn v. U.S., 442 U.S. 100  . . . . . . . . . 13

Jackson v. Virginia, 443 U.S. 307 . . . . . . . . . 11, 14

McCoy v. Louisiana, 584 U.S. \_\_\_\_ (2018) . . . . . . 16

Martinez v. Ryan, 566 U.S. 1 . . . . . . . . . 19

Rhines v. Weber, 125 S.Ct. 1528 . . . . . . . . 16

Schlup v. Delo, 513 U.S 298 . . . . . . . . . 16-17

Trevino v. Thaler, 133 S.Ct. 1911 . . . . . . . . 19

Reeves v. Pennsylvania, 897 F.3d 154 (7/25/18 3rd Circuit) . . . 17

U.S. Constitutional Amendments

1st      . . . . . . . . . . 15

5th (Indictments for capital cases) . . . . . . . passim

6th (Assistance of Counsel, & Notice) . . . . . 12, 16, 18

8th      . . . . . . . . . . 15

14th     . . . . . . . . . . passim

OTHER

Texas Constitution Art. 1 § 10 and CCP 1.05 (same for "hybrid") . 16

Texas Penal Code 7.02 . . . . . . . . . 11

Texas Penal Code 15.02 . . . . . . . . . 13

Texas Penal Code 19.03 . . . . . . . . . 11

28 U.S.C. 2254 . . . . . . . . . . 18

28 U.S.C. 2264 . . . . . . . . . . 18

## JURISDICTION

[X] For cases from **federal courts**:

The date on which the United States Court of Appeals decided my case was _May 1st, 2018_.

[ ] No petition for rehearing was timely filed in my case.

[X] A timely petition for rehearing was denied by the United States Court of Appeals on the following date: _June 5th, 2018_, and a copy of the order denying rehearing appears at Appendix _C_.

[ ] An extension of time to file the petition for a writ of certiorari was granted to and including _____ (date) on _____ (date) in Application No. _A_____.

The jurisdiction of this Court is invoked under 28 U. S. C. § 1254(1).


[ ] For cases from **state courts**:

The date on which the highest state court decided my case was _____. A copy of that decision appears at Appendix _____.

[ ] A timely petition for rehearing was thereafter denied on the following date: _____, and a copy of the order denying rehearing appears at Appendix _____.

[ ] An extension of time to file the petition for a writ of certiorari was granted to and including _____ (date) on _____ (date) in Application No. _A_____.

The jurisdiction of this Court is invoked under 28 U. S. C. § 1257(a).

## STATEMENT OF THE CASE

I was a police officer, firefighter and emergency care attendant for 10 years up until this case. I was a model citizen and not even accused of ever having committed any act of violence my entire life; including in this case. I'm completely innocent of my wife Farah's death, and being framed by Farah's wealthy and highly influencial father - Syed "Lex" Baquer (Iranian birth name: Hussein Baquer Syed) and his friends in the system (See Appendix E & Appendix H Exhibits 4 & 5). The evidence was also legally insufficient (App. G Ex. 5 & App. F Ex. 1 & 2). Yet here I sit on Texas Death Row awaiting execution unless this Court intervenes.

During pretrial arraignment I requested the appointment of attorney Katherine Scardino (who I'd been corresponding with, was on the CJA list, and wanted to be appointed to my trial), and to be heard along with her under Texas laws. But Judge Belinda Hill (who left the bench to become acting D.A. then 1st Assistant D.A.) denied my requests and strapped me with attorneys Randy McDonald and Vivian King (current Chief of Staff for the D.A., Kim Ogg), both of whom got paid double the standard capital murder rates for my trial (See records for all this). Two "co-defendants" are also charged in my case; Joseph Prystash and Howard Guidry. My indictment has 4 counts, all of which say I shot Farah. Count 1 states I shot Farah "and" employed Prystash to kill her. Count 2 states I shot Farah and employed Guidry to do it. Count 3 states the same as 2 but with a different form of remuneration. Count 4 states I acted **alone** in killing Farah during a burglary of my own garage (App. F Ex. 1). The State's evidence showed I never met Guidry or knew of his existence. The State even concedes this throughout appeal (App. A p.71, et al). They claimed I (actor "A") solicited Prystash (actor "B") but that he then solicited Guidry (actor "C") and that Guidry is who killed Farah during a burglary while I was

In direct appeal I again instructed my court appointed attorney to file the legal insufficiency, etc, and explained it in my letters. Former Texas Office of Capital Writs ("OCW") Director Brad Levenson and staff attorney Daniel Lenhoff even wrote a 7 page memo agreeing with me on the legal insufficiency issues and sent the memo to my direct and State habeas attorneys. But they all refused to file my issues, so I filed complaints and requested new counsel (App. G Ex. 1), then filed the issues myself pro se; first in a brief to either supplement my attorney's, or to withdraw his brief and accept mine instead (App. G Ex. 2). The State realized my claims warranted an acquittal, so they filed a motion to strike my pro se brief - and I filed a response to make clear my request to be pro se only (App. G Ex. 3 & 4). Brad Levenson visited me again and gave me more suggestions to file another brief, which I did, to **substitute** for my attorney's - but allow the CCA to use my attorney's as a supplement to mine if they wanted. I filed that 2nd brief along with a motion asserting/invoking my Right to file pro se (App. G Ex. 5). I continued to file motions complaining about my attorney's ineffectiveness, requested new counsel, and requested the CCA to accept my pro se brief under "any means" (App. G Ex. 6 & 7). But the CCA denied some motions and ignored others (App. G Ex. 9, & records). In its Opinion denying my attorney's deficient brief, the CCA noted I made such pro se pleadings, then had the **audacity** to state: "Appellant does **not** challenge the sufficiency of the evidence of guilt" - **knowing** full well that I, the "Appellant", most certainly **did!** (App. D p.2). I then filed 3 motions for reconsideration (App. G Ex. 8), but the CCA denied and ignored them too. Notice the CCA **did accept** and rule on **select** filings of mine, including **after** their Opinion (App. G Ex. 10), but not my briefs which they knew had full merit for **acquittal**.

In State habeas, my attorneys filed a grossly deficient writ which cited

non-application, needed to be dismissed and the OCW appointed to investigate and file anew (App. H Ex. 10). But the judge adopted the State's PFFCL verbatim (See records). I motioned for the CCA to remedy miscarriages of justice committed by the trial court (App. H Ex. 11), but the CCA denied my attorneys' writ while very erroneously stating the: "validity of the conviction" was challenged - when there was no challenge to the conviction.(App. H Ex. 12) as I pointed out in my motion for the CCA to reconsider (App. H Ex. 13).

I then filed certiorari where I specifically questioned this Court about my legal insufficiency issues not being heard in State courts (See my 2014 petition, Question 6). The State's brief in opposition - written by Asst. A.G. Ellen Stewart-Klein specifically argued: "The **Relief Fratta Seeks Can Be Had In Federal Habeas** Corpus Litigation" (See p.6."I" of their brief).

In federal habeas I informed James Rytting of all the above and to please raise all my legal insufficiency, etc, issues as the very first ones. He said he would but filed an original petition citing none of them (Dkt. 15). Fully fed up with being subverted by attorneys, I had a stern conversation with Rytting which ended up with his agreeing to file an amended petition citing my issues (Dkts. 51 & 52). But he made errors and failed to cite important points, so I had to file a letter to Judge Harmon citing the trial IAC issue about Mary Gipp being guilty of capital murder, plus attached pages of Rytting's petition where I noted corrections, changes and additions needed and asked Judge Harmon to get them addressed "in the interest of justice" (App. J Ex. 1 for select pages, & Dkt. 53 for all pages). I also started submitting copies of my letters to Rytting to be scanned into my records so Harmon could see what needed to be cited (App. J Ex. 2). But Harmon ordered me to stop making pro se filings rather than ordering Rytting to file the issues for me. Then in the State's motion for summary judgment and brief in support - which was

17-70023). I then had to make FRAP 28(j) filings to supplement authorities to Rytting's brief, but the 5th Circuit also refused to accept my pro se filings even tho I am the "party"; not Rytting (App. K Ex. 1, & records). On 2/12/18 I then filed certiorari to this Court under Rule 11. Things got messed up on that filing, and my friends and I have been unable to ascertain what's happened with the 2nd certiorari I mailed/filed on 4/2/18 (See your records and all my letters to Clerk Harris). Meanwhile the 5th Circuit denied COA (App. A) and Rytting's motion for hearing en banc (App. C). The denial ruling is riddled with errors that violated my Rights. They refused to address the insufficiency and constructive amendment issues by claiming they were procedurally defaulted because Texas Courts don't have to accept hybrid filings, but didn't apply any pertinent U.S. Codes or take my multiple motions to be pro se only and the CCA's denials into consideration, nor conduct a Jackson analysis as Rytting had requested. They were extremely selective in which inadmissible evidence they used to deny me, didn't take my Prystash and Guidry confessions into consideration at all, and applied Schlup in a way that differs from other Circuits - and which I argue is incorrect.

I now stand to be **executed** if this Court doesn't intervene.

Thus arises this petition.

insufficient - and specifically **proves** I'm **not** guilty of capital murder. Under Texas law, I must be acquitted and not retried. Please read my pro se direct appeal brief in Appendix G, Exhibit 5, and my other pro se pleadings in Appendices J & K, plus federal 4:13-cv-03438 Dockets 51, 52, 76, 77, and my attorney's requests for COA and rehearing under No. 17-70023 for more details and arguments. The 5th Circuit **refused** to assess the sufficiency (App. A p.3) even under a Jackson review filed by my attorney. I argue allowing me to be executed when the evidence was legally insufficient is unconstitutional.

(b) The 4th and last count of my indictment is the 3rd and last count of my jury charge (App. F Ex. 1 & 2). It's the only count that charges **only me** as a **sole actor** of a capital murder. The jury charge has 2 parts to all 3 counts; - the indictment count verbatim, then a law of parties addition as an alternative choice. I argue that **no** law of parties can be added to the last count because I was **indicted** as a **sole** actor. No other actors are charged or alluded to. To add other actors into a jury charge violates Notice and Due Process. And again, the law of parties part of that last count is what jurors were instructed to find me guilty of, and the federal court affirmed my conviction on (App. B pgs. 69-72). This practice by Texas and other States that apply a law of parties - must be put to an end by this Court.

(c) In addition to using that unconstitutional law of parties addition, Judge Harmon also cited a federal conspiracy case and applied a broadening scheme of "conspiracy" into her sufficiency assessment just to affirm my conviction (App. B pgs 71-72). Because the State concedes I never knew of Guidry, it's essentially Prystash they're "charging" with the "criminal responsibility for Guidry's conduct". So in order to **intentionally** affirm my conviction, Harmon took it upon herself to assess that I "scheme[d]" with Prystash and he with

/2.

a properly worded capital murder indictment but **knew** all along the jury charge would **need** to be constructively amended to broaden the possible bases in order to confuse the jurors to convict me. Trial judge Belinda Hill gladly complied and federal Judge Harmon and the 5th Circuit gladly upheld it all. Texas law has a remedy for such constructive amendment injustices. As I argued in my pro se filings, a "hypothetically **correct** jury charge" **must** be applied when assessing the sufficiency of the evidence on appeal. Such correction means **omitting** the law of parties from the last count. But my federal attorney refused to argue that application, Judge Harmon failed to apply one, and the 5th Circuit refused to assess the sufficiency altogether. All this is unconstitutional. (See "a" & "b" above for more details and arguments).

(f) Judge Harmon explained I was convicted on a general verdict where "about 25" different ways could have been chosen by the jurors. Altho Harmon **correctly** narrowed my conviction down to having been **only** the last count law of parties part and duly noted: "The prosecution encouraged jurors to rely on the murder-in-the-course-of-a-burglary theory" (App. B p.69, & App. F pgs. 5-6), since the jurors weren't polled, how would I know **which** "and/or" scenario within that burglary murder count they found me guilty of - to know what or how to appeal it if this Court also allows that law of parties addition to stand? Such allowance of this unpolled general verdict in itself is unconstitutional.

(g) Surely the 5th Circuit saw how Judge Harmon bent over backwards to claim the evidence was sufficient, especially since I made pro se filings to make them aware (See my pro se filings in Appendices K & J). They not only allowed that travesty, they created another by refusing to conduct a <u>Jackson v. VA.</u> determination of their own - which was requested by my federal attorney. After seeing how Judge Harmon violated me, such deliberate avoidance to conduct

9, et al). That denial should be unconstitutional.

(j) In the recent McCoy v. LA. decision, this Court ruled it fundamental that clients are masters of their defense; that the attorneys are in fact assistants who cannot usurp the autonomous Right and fundamental choices and lawful objectives of the clients. Whereas McCoy dealt with his trial, I argue that same ruling should extend thru direct appeal as of Right. I additionally argue it should extend thru any appeal where the appointment of counsel is a State or federal Right, and that this should be retroactive to people like myself who have made pro se filings in State and federal Courts because our attorneys went against or refused our lawful objectives.

(k) For this Court to recognize the word "assistance" means the attorney is an assistant and the client is the "master" (See McCoy v. LA.), I argue that denotes a "hybrid" status of both the client and attorney(s) having say-so in trial - just like I requested during my arraignment but got denied in violation of Texas Constitution Article 1 § 10 and CCP Article 1.05 (See App. I for both). As in "j" above, I also argue hybrid status should be an automatic Right under the 6th Amendment in trial and appeals, and anytime an attorney-client privilege is established, and made retroactive.

(l) The federal and Circuit Courts ruled the meritorious issues I filed pro se in State Courts were unexhausted/barred. I argue it's unconstitutional and violates Rhines v. Weber to allow me to be executed rather than at the very least remanding my issues back to State Courts for rulings/exhaustion.

(m) **Circuit Courts are split** on how to apply **Schlup v. Delo**. In my case the 5th Circuit claimed they didn't need to weigh in on the split of new evidence being "newly presented" or "newly discovered", but is clearly against newly

(n) The federal district and Circuit Courts failed to apply U.S. Codes they are governed by as grounds to accept the meritorious issues I had to file pro se in State Courts. I made timely filings and fairly presented them to the highest State Court (See App. K Ex. 2 for uneven applications of State procedures). I argue now, and my State filings showed: I am "in custody in violation of the Constitution or laws...of the United States." Therefore 2254(a) gave the federal Courts grounds to accept my pro se issues. Being that the State Courts refused to appoint me new attorneys to file my issues, and refused to accept and rule on their merits when I filed them pro se, there was either: "an absence of available State corrective process", or, "circumstances exist that render such process ineffective to protect the rights of the applicant", or both. Therefore 2254(b)(1)(B)(i) &/or (ii) gave the federal Courts grounds to accept my pro se issues. I proved the facts underlying my legal insufficiency, fatal/material variance, and constructive amendment claims very sufficiently established by clear and convincing evidence that no reasonable factfinder would have found me guilty of capital murder except for the Constitutional errors of Notice and Due Process violations. Therefore 2254(e)(2)(B) gave the federal Courts grounds to accept my pro se issues. The State's refusal to decide my pro se issues on their merits, which all Courts are claiming were not raised "properly" **solely** because my attorneys didn't raise them for me as I'd **insisted**, "is the result of State action in violation of the Constitution or laws of the United States." I'm guaranteed the Right to **effective** assistance of counsel thru direct appeal. I duly notified the CCA of ineffectiveness and requested new counsel - but got ignored and denied. (See App. G). Therefore 2264(a)(1) gave the federal Courts grounds to accept my pro se issues. My federal attorney didn't raise any of this, so I did pro se but got refused as usual. I argue all this is unconstitutional.

## CONCLUSION

I will be executed - unless this Court intervenes now. I am not an attorney and have never wanted to do my trial or appeals fully pro se. I only went pro se late in State habeas and made and make requests and filings out of necessity, such as with this petition. My case at hand, with all its subsidiary questions herein, is not only a matter of life or death for me; but is of vital importance to all John Q. Public who ever got or get strapped with ineffective attorneys and had or will have to make filings themselves, pro se.

This apparently is my last resort before I'm executed, and I (and others in my situation or unlawfully imprisoned) need this petition for writ of certiorari to please be granted.

Respectfully submitted,

*/signature/*

Robert Alan Fratta

Date: 8/22/18

Robert A. Fratta
Polunsky Unit, #999189
3872 FM 350 South
Livingston, TX 77351

United States Courts
Southern District of Texas
FILED
APR 26 2019
David J. Bradley, Clerk of Court

LEGAL

David
5401
515
Housto

Robert A. Fratta
Polunsky Unit, #999189
3872 FM 350 South