UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

FEB 27 2020

David J. Bradley, Clerk of Court

Robert Alan Fratta, Petitioner    X

         v.    X      CIVIL ACTION No. 4:13-cv-03438

Lorie Davis, Respondent    X

MOTION FOR RELIEF FROM 2/13/20 ORDER PER FRCP 60(b), FRAP 4, and GARZA v. IDAHO; DISMISS ALL ATTORNEYS, and GIVE DETAILED RULING ON DOCKETS 114 THRU 116 (MOTION FOR RELIEF)

On 2/13/20 this Court denied Fratta's Right to appeal his severely defective judgment - by striking his FRCP motion for relief from the record (Dkt. 118) only because it had to be filed pro se because Fratta's attorneys all refused to file it for Fratta (See Dkts. 114-116). FRAP 4 guarantees Fratta the Right to file and receive a detailed ruling on the reasons cited in FRCP 59 and 60 motions - even if filed pro se from prison. See FRAP 4(c). Fratta gave "express instructions" to attorney James Rytting to file for relief under FRCP 59(e) & 60 immediately after the judgment was issued, then to all the Federal Public Defenders to file under FRCP 60 since their appointment in December of 2018, and has made all this severe conflict clear to this Court throughout. (See docket entries). The Supreme Court ruled in Garza v. Idaho, 139 S. Ct. 738 (2/27/19) that: "a defendant's appellate rights should NOT hinge on appointed counsel's bare assertion that he or she is of the opinion that there is no merit to the appeal." This Court's Order directly violates not only FRAP 4, but also the Garza ruling by directing appointed counsel to exercise their "opinion" as to whether or not Fratta's Right of appeal

motion has "any legal or factual merit." Since this Court <u>has</u> accepted and ruled on <u>some</u> of Fratta's pro se pleadings yet <u>very oddly</u> keeps striking his motions for relief from the judgment - from the record rather than simply accepting them in the interest of justice or ordering his attorneys to refile them for him or entertain an independent action to revisit the judgment as Fratta requested therein, it clearly demonstrates this Court harbors an unconstitutional partiality for attorneys to have total control over a client's case and life - and a bias against the intended meaning of the 6th Amendment's "assistance" of counsel and a defendant's simply wanting and asking for <u>justice</u> in <u>his</u> case. Therefore - <u>solely</u> in order to get a detailed ruling on his motion for relief from his judgment, this Court's actions leave Fratta <u>no</u> choice but to alleviate himself of all appointed counsel and <u>face death alone</u>. Being <u>forced</u> into this, Fratta has formally <u>discharged them all</u> under State Bar Rule 1.15 (see attached letter), and motions the Court to officially dismiss all the attorneys of record and allow Fratta to proceed pro se only, rescind the 2/13/20 Order, and issue a detailed ruling on his motion for relief from his judgment in dockets 114 thru 116.

                                        Submitted by:

                                        *[signature]*

                                        Robert Alan Fratta, Petitioner
                                        Polunsky Unit, #999189
                                        3872 FM 350 South
                                        Livingston, TX 77351

                                        Signed: 2/23/20

                                    Mailed/Filed: 2/24/20

To: All attorneys currently appointed to my case (i.e.- James Rytting, Maureen Scott-Franco, Joshua Freiman, and any and all from the FPD in Austin)

From: Robert Alan Fratta, Federal Cause No. 4:13-cv-03438

Date: 2/23/20

Re: Discharging you all under State Bar Rule 1.15, and you all immediately filing motions to withdraw and tell the Court I wish to proceed pro se only

    During a short visit by Joshua Freiman and Jessica Dwinell on 2/13/20, you informed me you/the FPD Office were also refusing to endorse my motion for relief (Dkts 114-116) in any manner to get Judge Hanen to issue a detailed ruling on its merits. Between that and the fact you still had no draft copy for any State filing you promised would be completed 3 months ago, I told you I had something I was considering doing. After receiving a copy of Hanen's Order striking my motion from the record, this discharging of you _is_ what I had in mind.

    You all have repeatedly refused my lawful insistences. Instead of fighting zealously _for_ me, you've fought zealously _against_ me. Like milktoast suck-ups to the system, you fight me instead of the corruption in my case. You all are like non-Christian left wing liberal Democrats opposing me as a conservative Christian Republican. I feel like President Trump trying to do what needs to be done, but you all are Nancy Pelosi, Chuck Schumer, Adam Schiff, etc, wanting to oppose and impeach me on everything. You've even gone so far as to tell me not to write my own son because it: "makes your jobs more difficult." You make _everything_ about _yourselves_ instead of me/your client. Your actions and lack thereof - violate the fundamental attorney-client relationship mandated in _McCoy v. Louisiana_ and State Bar Rules. Additionally, the 2/27/19 Supreme Court ruling in _Garza v. Idaho_, 139 S. Ct. 738, which among other things, states: "Where a defendant has expressly requested an appeal, counsel performs deficiently by disregarding the defendant's instructions." I "expressly requested" to all of you that I wanted an appeal filed, first under FRCP 59(e) then 60(b) & (d). Your _opinions_ that there may be no merit to a Rule 60 appeal is a non factor. According to _Garza_ - you _MUST_ file it because such appeals are a _Right_ of _mine_ under FRAP 4. You have denied me that Right of appeal(s).

    The bottom line, as you all already _know_, - we have _severe_ conflicts which are _irreconcilable_. Since I'm adamant about my motion for relief in dockets 114-116 being meritorious and needing a ruling - but Judge Hanen won't accept it filed

pro se, you all leave me no choice but to formally discharge you all under State Bar Rule 1.15. You are all hereby discharged.

Being discharged, it's now incumbent upon you all to file motions to withdraw and tell the Court I wish to be pro se only so my dockets 114-116 can be accepted and given a detailed ruling on the issues. (See my new motion for relief this letter will also be attached to).

In the event of my death, give everything you have of mine and my case - to my son Brad.

Very sincerely and sincerely disappointed by you all,

Robert A. Fratta
Polunsky Unit, #999189
3872 FM 350 South
Livingston, TX 77351

2.

Robert A. Fratta
Polunsky Unit, # 999189
3872 FM 350 South
Livingston, TX 77351

5

LEGAL

Clerk David J. Bradley
5401 Bob Casey U.S. Courthouse
515 Rusk St.
Houston, TX 77002

United States Courts
Southern District of Texas
FILED
FEB 27 2020
David J. Bradley, Clerk of Court