UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED
APR 06 2020
David J. Bradley, Clerk of Court

Robert Alan Fratta, Petitioner     X

   v.                            X     CIVIL ACTION No. 4:13-cv-03438

Lorie Davis, Respondent            X


3rd AMENDMENT TO MOTION FOR RELIEF FROM JUDGMENT

  Comes now the Petitioner, Robert Alan Fratta, and files this 3rd amendment to his Dockets 114-116 Rule 60 motion for relief from his unlawful judgment. Following is another "Error of Law" to be added and considered as II.A.2(1) and read as follows:

1) Failed to apply the extremely relevant case of Planter v. Texas, 9 S.W. 3d 156 into consideration during her assessment of the legal insufficiency of the evidence. Planter got acquitted on the legal insufficiency of the evidence due to a material variance between the indictment charge wording and proof at trial, which is precisely what occurred in Fratta's case. Ironically, Planter was convicted of soliciting to kill Fratta, and Fratta is mentioned throughout. But what's equally important as the majority Opinion, is Judge Keller's dissent. In it she gives a hypothetical scenario of Planter being indicted as a sole actor for killing Fratta and claims the evidence can show he got someone else to kill Fratta and a law of parties scenario can be added into the jury charge so he can be convicted that way instead. That is exactly what did occur in Fratta's case. But the CCA majority REJECTED that argument by Keller in their footnote 6. Not

only did the majority not adopt Keller's viewpoint in the Opinion, but even the other 2 dissenting judges refused to adopt it. Keller stood alone on that clear violation of Notice, Due Process, and State and case laws. This Planter case is a ruling from the CCA which Fratta has been citing in his pro se filings since direct appeal - that directly <u>addresses and resolves</u> the matter that <u>NO LAW OF PARTIES CAN BE ADDED TO AN INDICTMENT COUNT WHICH CHARGES SOMEONE AS ACTING ALONE</u>. Therefore it <u>was unlawful</u> to have added the law of parties to Fratta's last indictment count in his jury charge, and a hypothetically correct jury charge <u>MUST</u> be applied which <u>omits</u> any law of parties wording - and cites <u>only</u> the indictment wording. Since Fratta was specifically convicted on that unlawful law of parties addition to that last count, and Judge Harmon specifically upheld Fratta's conviction on that unlawful addition, the only <u>REMEDY</u> to this miscarriage of justice is through this Rule 60 filing commencing in docket 114. And that remedy, like Planter, is for Fratta to be acquitted and released due to the evidence being legally insufficient, especially under a fatal/material variance.

That concludes what needs to be amended into Fratta's FRCP Rule 60 motion for relief from his judgment - which starts from docket 114 and has 2 prior amendments, the last of which was mailed/filed from prison on 3/18/20.

Submitted by: *[signature]*

Robert Alan Fratta
Polunsky Unit, #999189
3872 FM 350 South
Livingston, TX 77351

Mailed/Filed: 3/23/20

Dear Clerk Bradley, 3/22/20 (Mailed 3/23/20)

Enclosed is my 3rd amendment to my motion for relief from my judgment. Please scan in onto my docket and place it in my files for Judge Hanen to rule on.

Thank you.

Sincerely,

Robert A. Fratta

Case No. 4:13-cv-03438

Robert A. Fratta
Polunsky Unit # 999189
3872 FM 350 South
Livingston, TX

David J. Bradley, Clerk of Court
5401 Bob Casey U.S. Courthouse
515 Rusk St.
Houston, TX 77002

LEGAL

United States Courts
Southern District of Texas
FILED
APR 06 2020
David J. Bradley, Clerk of Court

NORTH HOUSTON TX
25 MAR 2020 PM 2 L

FOREVER / USA