United States District Court
Southern District of Texas
**ENTERED**
April 10, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROBERT ALAN FRATTA, § § Petitioner, § VS. § CIVIL ACTION NO. 4:13-CV-3438 § LORIE DAVIS, § § Respondent. § § | |

## ORDER

This Court has repeatedly cautioned Robert Alan Fratta not to file *pro se* pleadings. The Court has previously stricken his *pro se* pleadings from the record. Fratta has recently filed three *pro se* motions: (1) a Motion for Direct Communications (Docket Entry No. 125); (2) a Motion to Proceed In Forma Pauperis (Docket Entry No. 126); (3) a 2nd Amendment to Motion for Relief From Judgment (Docket Entry No. 127). Fratta seeks relief *pro se* because he says that on February 23, 2020, he "formally discharged all his Court appointed attorneys and has had no communication whatsoever from any of those former attorneys since 2/13/20 . . . ." (Docket Entry No 125).

This Court has not removed Fratta's appointed attorneys from this case. While Fratta has a mandatory right to legal counsel, *see* 18 U.S.C. § 3599(a)(2), he does not have a right to self-representation in a post-conviction proceeding. *See Martinez v. Court of Appeal of California, Fourth Appellate Distr.*, 528 U.S. 152, 163 (2000). A federal habeas court has discretion to allow an inmate to proceed *pro se*, but self-representation is almost always not "wise, desirable, or efficient." *Id.* at 161. "Congress' provision of a right to counsel [for federal capital habeas petitioners] reflects a determination that quality legal representation is necessary in capital habeas corpus proceedings in light of the seriousness of the possible penalty and . . .

the unique and complex nature of the litigation." *McFarland v. Scott*, 512 U.S. 849, 854 (1994) (quotation omitted).

Fratta has not brought before the Court any circumstance that would require removing his attorneys from this case. Fratta's attorneys continue to represent Fratta, apparently with his consent. Fratta's appointed attorneys recently affirmed that they had "consulted with Mr. Fratta" before moving to dismiss his *pro se* appeal. *Fratta v. Davis*, No. 20-70003, Unopposed Motion for Voluntary Dismissal of Appeal filed March 18, 2020, at 2. With that filing in the Fifth Circuit, it appears that counsel still actively represents Fratta and that Fratta consents to that representation.

The Court, therefore, **DENIES** Fratta's recent *pro se* pleadings **WITHOUT PREJUDICE**. (Docket Entry Nos. 125, 126, and 127). The Court again warns Fratta not to file any pleadings except through his appointed attorneys.

The Court also **ORDERS** Fratta's attorneys to provide the Court with an advisory describing their relationship with and communication with Fratta. Counsel will file their advisory within thirty (30) days from the entry of this Order. Counsel may file the response *ex parte* and under seal, if necessary.

SIGNED at Houston, Texas this 10th day of April, 2020.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE