UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

APR 2 0 2020

David J. Bradley, Clerk of Court

Robert Alan Fratta, Petitioner          X

             v.                          X          CIVIL ACTION No. 4:13-cv-03438

Lorie Davis, Respondent                  X


MOTION FOR HYBRID ACCEPTANCE PER DOCKET 123 ORDER;

18 USC § 3599(e); THE INTEREST OF JUSTICE; and

BATTAGLIA, 824 F.3d 470; et al


Comes now the Petitioner, Robert Alan Fratta, and files this motion in

first person narrative.

I. On 3/17/20 this Court/Judge Hanen/"You" issued an Order denying my

Docket 119 Rule 60(b) motion.  I will now show how that Order and various

laws allow You to accept me as hybrid in order to best serve the interest

of justice in my case.  You know I have irreconcilable conflict regarding

the filing of an FRCP Rule 60 motion for relief from my judgment.  The

decision to file any appeal is the client's to make; not the attorney's (See

Jones v. Barnes, 463 U.S. 745, 751; Flores-Ortega, 528 U.S. 470, et al).

You have wanted my attorneys to file everything, including the Rule 60, on

my behalf.  Believe me, so have I.  But I've made it clear to You that they've

refused my lawful insistences.  Sadly, instead of being solely concerned

about my best interests, they are more concerned about "damaging their repu-

tations" if You deny it filed by them (See Maples v. Thomas, 132 S.Ct. 912,

925).  Like so many Death Penalty attorneys, mine have the stereotypical

mentality that so long as I'm still alive - it's a win for them and therefore

1.

no need for them to file anything that could be denied and expedite my execu-
tion.  They don't care that I'm 63 years old, was assaulted by TDCJ staff 1½
years ago and sustained permanent injury – which along with the living hell
conditions here – caused me to try to kill myself on 10/19/18 and now I'm
housed in a "management cell" and suffer pain and torment on a daily basis.
Thus far, here's what my attorneys have actually done in the 1 year and 4
months since You appointed them to my case: 1) Refused to file the Rule 60
motion (denying me an appeal),  2) were untruthful with You in their Dkt 112
reply to Your Dkt 111 Order – by their throwing KPFT under the bus instead of
admitting the problem rested entirely on their failure to communicate to me
that they planned to file their Dkt 108 motion, and, failed to mail me any
copies of it or Your Dkt 109 Order,  3) withdrew my Notice of Appeal without
my knowledge or consent – whereby denying me another appeal (See Dkt 124 and
No. 20-70003 in the 5th Circuit),  4) have made no State filing as they told
me they would,  5) have not even made any draft or outline of anything they
claimed they'd file in State for me,  6) still have not obtained any of the
evidence I told them was vital to my case,  7) a critical audiotape of my son
Brad's phone call to me on 11/6/94 – which they went to pick up, is suddenly
"missing",  8) didn't mail, present in person, or show to my son Daniel, a
"legal" letter I wrote to Daniel,  9) didn't give that letter back to me so
I could mail it to Daniel (Where is it?),  10) have not withdrawn even after
I discharged them.  In other words, they've done nothing I've asked and/or
insisted they do – as ABA Rule 1.2 says they should.  Since the Supreme
Court deems it "constitutionally ineffective" for counsel to fail to file a
notice of appeal (Penson v. Ohio, 488 U.S. 75), how much more then – is
counsel "constitutionally ineffective" for refusing to file an appeal alto-
gether, and, cancelling out another appeal?

2.

Your Dkt 123 Order says You can "insist [I] accept representation". Well, "representation" is what I'd like, but NO attorneys are "representing" ME. They are doing the opposite of what I want. That's not only not "meaning-ful" (Battaglia, 824 F.3d at 475), "effective" (Martel v. Clair, 132 S.Ct. 1276), "quality" (McFarland v. Scott, 512 U.S. at 855, 859), or even "reason-able" representation (Flores-Ortega at 478); it's downright SABOTAGE.

If I file to substitute counsel of Your choosing under 3599(e), it will cause severe delay in a filing and ruling of a Rule 60 motion if filed by them, and, can likely result in yet another irreconcilable conflict if new counsel also refuses to represent me and file it on my behalf. Such a 3599(e) filing for new counsel requires You to review it under the "interest of justice standard" of Clair. There's nothing preventing You from applying the same interest of justice standard to this motion for hybrid acceptance since filing a Rule 60 motion is a Right of mine under FRAP 4(a)(4)(A)(vi). Thus far, my attorneys and You have denied me that Right. To AVOID any delay and likely conflict with new attorneys, the SOLUTION is very simply for You to accept me in a hybrid status – at least to remedy my Right to a reopening of my case under my Rule 60 filings.

II. My attorneys have ABANDONED me. My attorneys' actions and lack thereof constitute "abandonment" per Battaglia v. Stephens, 824 F.3d 470 (5th Circuit, 2016). In Battaglia the 5th Circuit ruled his attorney abandoned him by refusing to file a Ford [competency] claim, "regardless" that his attorney "continue[d] to represent Battaglia in other matters" (Id at 474). So "regardless" if my attorneys pursue clemency (as an example), they've still abandoned me in their refusal to file the Rule 60 motion. (See also Christe-son v. Roper, 135 S.Ct. 891, 895).

3.

III. 18 USC § 3599(e) MANDATES acceptance of hybrid filings.  In relevant
part - 3599(e) states: "...upon the attorney's own motion OR upon motion of
the defendant...".  That means You MUST accept that pro se filing from me
even tho I have attorneys.  That is referred to as "hybrid", and is what
defendants like Battaglia had to do.  In fact, Battaglia even conferred with
me on his filing.

IV. My Dkt 114 (& 116) motion cites reasons for acceptance under FRAP
Rules and case laws, etc, not cited herein.  Please read them all.

V.  Your Dkt 123 Order.  You stated I'm not more capable than my attorneys
to argue the remaining facts of my case.  I vehemently disagree.  Forget
what attorneys are listed on my docket.  I only have 2 who are handling my
case, - Josh Freiman and his assistant Jess Dwinell.  I suspect neither meets
the criteria of 3599(c), and that neither has ever filed a Rule 60 motion.
I know neither has proper knowledge of Texas case laws, and certainly not
adequate for a Death Penalty case.  Neither had even read the 3 most important
cases relevant to my case, - Malik, 953 SW2d 234; Gollihar, 46 SW3d 243; and
Planter, 9 SW3d 156.  (See all 3 cited in my pro se filings since direct
appeal, and those I asked You to take into consideration in my Dkt 114, etc,
motion).  Am I my attorneys' first Death Penalty case?  They act like it.
Regardless, my Dkt 114 (& 116) motion and its 3 amendments are argued better
than some Rule 60 motions I've read filed by attorneys.  Many attorneys don't
even know how to abide by the criteria of Gonzalez v. Crosby, 545 U.S. 524
like I did.  I know the facts of my case better than anyone/any attorney,
and that's why I want my Rule 60 motion of Dkt 114, etc, accepted and ruled
on.  Furthermore, Your wanting me to be "more capable than attorneys" is
not any legal standard or requirement for defendants, and is in direct
opposition with Supreme Court law that appellate Courts hold pro se filings

4.

to "less stringent standards" than those of attorneys (Haines v. Kerner, 404 U.S. 519). And what is more important in a Death Penalty case, – to allow a defendant to argue facts of his case as best he can in a pro se/hybrid filing, or refuse to accept it altogether solely because his attorneys won't file it for him? As things stand, You're strapping me with the latter even tho You have full authority and discretion to allow the former.

VI. You have the discretion to accept hybrid. In Your Dkt 123 Order You pointed out how You have total "discretion" to allow me to proceed pro se OR insist I be represented, but You omitted the fact You also have that same discretion to accept me as hybrid. No law says You can't.

You stated I removed jurisdiction from You via my Notice of Appeal that went to the 5th Circuit, yet You still used Your discretion to make Your Dkt 123 Order while supposedly not having the jurisdiction to do so.

You also used Your discretion to not accept my Rule 60 motion for relief from my judgment, yet You did accept my Rule 60 motion for relief from Your Dkt 118 Order. I'm asking You to use that same broad and liberal discretion to GRANT this motion. So long as You can be a fair and impartial judge who upholds his oath of office, the laws and Constitution, You WILL end up aquitting me and everything else regarding attorneys becomes a moot point.

VII. Accepting me as hybrid accomplishes justice. I have proved to You that I have irreconcilable conflict with my attorneys and they have abandoned me. I've shown laws that mandate hybrid acceptance, and that You have the discretion to allow it. Now please understand why accepting my Dkt 114, etc, Rule 60 motion as hybrid is so important. First of all, my motion under Dkt 114 is missing page 3 due to a clerk's error of not scanning it on with the other pages. So Dkt 116 is my having to resubmit page 3 for Dkt 114. Docket

115 is the 1st amendment I made to the motion.  Dkt 127 is the 2nd amendment I made.  I then mailed a 3rd amendment from my cell on 3/23/20 but have no idea if it's been received and docketed yet.  So Dkts 114 & 116, plus 115 and 127, and the 3rd amendment comprise my entire Rule 60 motion for relief from my judgment.  In it all - I followed the Gonzalez and other Supreme Court case laws and Rule 60 guidelines - by citing only "reasons" for You to "reopen" my case.  Reasons I cited, which are all grounds for granting Rule 60(b) motions, include "extraordinary circumstances" (Ackerman v. U.S., 340 U.S. 193), "errors of law" (FDI v. Castle, 781 F2d 1101, 5th Cir.), "abuses of discretion" (Plaut v. Spendthrift, 514 U.S. 211), "lack of, neglect of, and conflict with counsel" and "no fault of mine" (Bizzell v. Hemingway, 548 F2d 505), "extreme and undue hardship" (Rothstein, 772 F. Supp. 2d 511), and "changed circumstances" (Klapprott v. U.S., 335 U.S. 601), - all of which equate to extraordinary circumstances and a severe "defect in the integrity of the federal habeas proceedings" (Gonzalez) under Judge Harmon, and therefore: "enabl[ing] [You] to vacate [my judgment]" in order "to accomplish justice" (Liljeburg v. Health Services, 486 U.S. 847).  Per Gonzalez at 528 and 535, when You "reopen my case" because of the "reasons" to do so, You then reassess any "claims" that were unjustly assessed.  I can tell You now that there's only 1 claim You need to reassess, and that's the legal insuff-iciency of the evidence on its own accord and via a material variance.  Since Judge Harmon created a miscarriage of justice with her assessment, and my then attorney James Rytting failed to effectively argue the legal insuffi-ciency as I had instructed, that's why You'll see in my Dkt 114  motion that I asked You to take several of my pro se filings into consideration for Your new assessment so the aforementioned Malik, Gollihar and Planter cases will be applied this time - since Harmon neglected to (intentionally).  You'll

6.

see that per <u>Malik</u> - an appellate Court/You <u>must</u> apply a hypothetically
correct jury charge to the <u>last</u> count of my indictment when assessing the
sufficiency of the evidence.  (NOTE: a hypothetically correct jury charge
is not applicable to the first 2 counts because my jury charge already <u>did</u>
accurately and lawfully apply and word the law of parties addition to those
counts - as Guidry can <u>not</u> be added to Count One, and wasn't; and Prystash
can <u>not</u> be added to Count Two, and wasn't.  Since Prystash did not shoot and
kill Farah, I'm acquitted under Count One.  And since <u>I</u> did <u>not</u> "solicit,
encourage, direct, aid, or attempt to aid" Guidry - as I never even knew of
his existence, I'm acquitted under Count Two.  That's why the State and Judge
Harmon focused on the last/3rd jury charge count, and is where all the mis-
carriages of justice occurred and why my case needs to be reopened by You as
I explained in my Dkt 114, etc, filings).  Additionally there is a fatal/
material variance, and such a variance <u>is</u> a legal insufficiency of the evid-
ence per <u>Gollihar</u>.  And vital to my case is <u>Planter</u>.  He had the identical
material variance I had - and got acquitted as a result.  (NOTE: ironically
Planter was convicted of soliciting to kill <u>ME</u>, and I'm cited therein his
ruling for acquittal).  But equally critical to the actual ruling for acquit-
tal is Judge Keller's dissent.  In it she gave a hypothetical scenario of
Planter being indicted as a sole actor of a crime - and <u>claimed</u> it's then
alright for the evidence to show he instead got someone else to commit the
crime and the jury charge can then add a law of parties to reflect that
totally different or variant act so he can still be convicted as indicted, -
which is <u>precisely</u> what was done to my last indictment count, and what the
jurors convicted me on and Harmon upheld my conviction on.  But the majority
Opinion in <u>Planter</u> flatly **REJECTED** Judge Keller's unlawful and unconstitu-
tional scenario! (See Keller's dissent in <u>Planter</u>, <u>Planter</u> Opinion footnote

7.

number 6, and my 3rd Amendment to my Dkt 114 motion - which highlights the
Planter case).  As things stand now, I will be executed even tho I have the
same issue as Planter where the CCA acquitted him and Opined no law of parties
can be added to a jury charge when a person is indicted as acting alone like
I was.  Do You Judge Hanen not see the grave injustice in that?  Why haven't
any of my attorneys since trial argued these 3 cases?  Why didn't Judge
Harmon and the other Courts apply these 3 cases on their own accords?  Why
have all the Courts refused to apply them even after I filed about them pro
se?  Why are my current attorneys refusing to file for relief under Rule 60?
Why am I even on Death Row when I was a model citizen police officer, fire-
fighter and emergency care attendant and am not even accused of ever having
committed any act of violence against anyone?  Isn't the Death Penalty only
supposed to be applied to violent people who themselves committed heinous
acts?  Do You not see the "politics" in my case?  Judge Hanen, if You had a
son or daughter in my shoes, You most assuredly would see the injustices
being done against him or her by the attorneys, State, and Courts, and would
want and expect someone(s) to care enough to remedy matters.  THAT is what
I'm wanting and even expecting from You.  By simply accepting me as hybrid
now, You needn't be concerned about appointing new attorneys or forcing me
to be pro se only.  Grant me hybrid status and reopen my Dkts 114-116, plus
take my 2nd Amendment of Dkt 127, and my 3rd Amendment into consideration
and make a ruling on that entire Rule 60 motion filing.  If for some odd
reason my 3rd Amendment about the Planter case was not received and docketed,
please allow me to remail a duplicate.  Or if You prefer for me to type up
another Rule 60 motion to combine everything into one filing, I will.  Again,
I'm simply trying to avoid delays and expedite my rightful acquittal and
release thru a reopening of my case.

VIII.  Relief under FRCP Rule 60(d)(1).  I've spent 25 years/one quarter of a century imprisoned and on Death Row even tho I'm completely innocent of capital murder.  There is <u>nothing</u> preventing You from using Your discretion to "entertain an independent action to relieve [me] from [my] judgment" under FRCP Rule 60(d)(1) by accepting my pro se filings or on Your own accord to reopen my case to reassess the legal insufficiency of the evidence.  However You reopen my case, please take this motion, my entire Rule 60 motion and 3 amendments, and the pro se filings I cited therein – into consideration when You reassess the legal insufficiency issue.

Submitted by:

Robert Alan Fratta, Petitioner

Polunsky Unit, #999189

3872 FM 350 South

Livingston, TX 77351

Mailed/Filed: 4/13/20

9.