UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MAY 08 2020

David J. Bradley, Clerk of Court

| | | |
|---|---|---|
| Robert Alan Fratta, Petitioner | X | |
| v. | X | CIVIL ACTION No. 4:13-cv-03438 |
| Lorie Davis, Respondent | X | |

MOTION TO CONSIDER ATTACHED LETTER FOR GRANTING HYBRID

STATUS AND AS AN ATTACHMENT TO ATTORNEYS' ADVISORY

Comes now the Petitioner Robert Alan Fratta to file this motion.

(I.) On 4/13/20 Fratta mailed/filed a motion for hybrid acceptance (Dkt. 130). Fratta now asks the Court to read the attached letter he wrote to his attorneys so the Court can see the necessity to grant him hybrid status. It's the solution for he and his attorneys to an effective team free of irreconcilable conflicts. To deny Fratta as hybrid - is to remove Fratta from being a member of the team and allow attorneys to be controllers rather than assistants in Fratta's matter of life and death. The letter also serves to show the Court that Fratta does want such a working team relationship with his current appointed attorneys. Fratta is also fine with his attorneys filing a completely new Rule 60 motion to please the Court, but only if it includes "reasons" Fratta lawfully insists upon, and, that he is satisfied with their filing. That's teamwork. And being hybrid should "force" attorneys to abide by Fratta's lawful insistences in filings coming solely from them rather than from him, and please the Court. Granting Fratta as hybrid does NOT mean Fratta will be making more pro se filings. On the contrary, Fratta is old and tired and wants, by his own accord, that this be his last pro se filing. However, Fratta needs his attorneys to "represent" him and do the filings

FOR him, but NEEDS to have the OPTION from the Court to make such pro se filings if he deems them necessary to save his life and obtain justice.

Submitted by:

*[signature]*

Robert Alan Fratta

Polunsky Unit, #999189

3872 FM 350 South

Livingston, TX 77351

Mailed/File: 5/4/20

Dear Josh, Jess, James, Michael & Adrian,          5/2/20 (mailed 5/4/20)

    Thank you for calling me here yesterday. I hope you all are well. To recap things, TDCJ's limit of only 30 minutes for us to talk is simply no where near enough time & violates my Right to access to courts to confer with you effectively & properly. Perhaps if this persists you can motion for Judge Hanen to Order TDCJ to provide me with a cell phone during this corona virus pandemic, even if the phone is programmed for incomming calls only. That way no officer can keep interrupting me like yesterday. Because of that, as you know I was unclear to details of what you were reading & telling me about your advisory filing, & what, if anything I needed to do from my end. I DID understand that Judge Hanen has NOT yet ruled on my motion for hybrid, & that your filing was going to make clear I was very much wanting hybrid status due to our disagreements & ways of viewing laws & allowing judges to be the ones to make the decisions. As you all know, I feel attorneys think inside the box whereas I think outside of it. But combined, so long as you DO file my lawful insistences, THAT is how we make a team. For example, it took James to tell me to read the Bledsue case, but it took me to see how Bledsue can BENEFIT me & recognize how Judge Harmon abused her discretion in her Jackson assessment of the insufficiency. Because it's very important for Judge Hanen to see & understand that whereas I need the legal expertise (aka "assistance") from you guys, I will be EXECUTED unless MY arguments get filed & accepted; I therefore will likely submit this letter for my Docket also - so he can take it into consideration for my motion for hybrid acceptance.

    Because it's the District Court's judgment that's keeping me unlawfully confined, Judge Hanen now has jurisdiction to grant relief from that judgment. Harmon's analysis of the sufficiency of the evidence was "clearly erroneous and [DID] work a MANIFEST INJUSTICE" (Pineiro, 470 F.3d 200) by wrongfully upholding my conviction instead of acquitting me. The difference between acquittal & execution is as big as you can get, & is certainly 1 of the many "extraordinary circumstances" for accepting & granting a Rule 60 motion (See Gonzalez v. Crosby, 545 U.S. 524). It is WELL within Judge Hanen's discretion to grant a Rule 60 motion to remedy the injustice & accomplish justice (Gonzalez, & Liljeburg, 486 U.S. 847). Besides the numerous reasons I gave in my entire Rule 60 filing of Dkts 114-116, 127 & 128, I've come up with more reasons - as I said yesterday. In re-reading Harmon's Memorandum & Order ("M&O"), I realized how severely she abused her discretion in her Jackson analysis, & that MUST be raised in a Rule 60 filing or amendment.

We agreed that U.S. Supreme Court rulings & the U.S. Constitution are the laws the federal courts MUST abide by first & foremost, &, the federal courts are SUPPOSED to uphold MY Rights. <u>Jackson v. Virginia</u> is recognized as the #1 authority for federal courts to go by when assessing the merits of a sufficiency of the evidence claim. Harmon dutifully acknowledged <u>Jackson</u> on M&O p.68 where she quotes the 5th Circuit's adherence to the <u>Jackson</u> mandate in <u>Bledsue v. Johnson</u>, 188 F.3d 250, 260. This is where I told you that since the 5th Circuit wants to pick & choose which CCA rulings the District Courts should disregard (i.e. - <u>Bledsue</u> rejected <u>Malik</u>, 953 SW2d 234 for applying a hypothetically correct jury charge to assess legal insufficiency), let's just stick with <u>Jackson</u>'s mandates - the way Harmon SHOULD have done but didn't. Harmon used her discretion to make a merits ruling on the insufficiency issues starting on M&O p.64 where she correctly summarized the 3 counts of my indictment that were presented in the jury charge. But she immediately abused her discretion when she followed her summary by stating: "The State never alleged that Fratta himself killed Farah." (M&O p.65). That was right after she just said the indictment count 3 was: "Fratta shot Farah with a firearm during the commission of a burglary". Um, is that not saying "Fratta himself killed Farah"?! Is an indictment not what "THE STATE ALLEGED" happened? SURELY Judge Hanen will see the injustice there. Harmon then breaks down the 2 sufficiency claims & starts with the direct insufficiency under her number 1 on p.65 & carries thru p.72. Altho she cites the <u>Jackson</u> mandates of: "federal habeas courts should independently analyze THE GOVERNING STATUTE, the INDICTMENT, and the jury charge to measure the constitutional sufficiency of the evidence and DETERMINE WHAT are the ESSENTIAL ELEMENTS REQUIRED by the <u>Jackson</u> sufficiency inquiry, she NEVER ANALYZED THE ~~XXXXXXXXXXXX~~ GOVERNING STATUTE (<u>PC 19.03</u>) OR INDICTMENT, & NEVER DETERMINED WHAT THE ESSENTIAL ELEMENTS were for each count as REQUIRED BY <u>JACKSON</u>. That's a HUGE abuse of discretion there. Had she abided by <u>Jackson</u>'s requirements, she would have HAD to OMIT any law of parties wording from the LAST count since neither the indictment nor governing statute authorized any such complete change from me committing a burglary murder by myself, to me soliciting someone(s) else to do it all. That wording or scenario doesn't even qualify as capital murder under <u>19.03</u> in general, & specifically <u>19.03(a)(2)</u> of a burglary murder acting alone. Harmon abused her discretion by not ruling that <u>Notice</u> & <u>Due Process</u> were violated by the unlawful law of parties addition to that last count which she used to UPHOLD my conviction. She also should have ruled it an <u>unfair surprise</u> to add it to the last count. There was NO reason for

the State to NOT have cited Guidry & Prystash in counts WITHIN THE INDICTMENT somehow - just like they did for the first 3 counts of my indictment. Whereas it was no surprise they planned on switching the roles around between principals & accomplices under the law of parties in Counts 1, 2 & 3, it was a TOTAL SURPRISE & SHOCK to me when Prystash & Guidry were added to the 4th count when they were not even mentioned in that count. When MULTIPLE ACTORS are charged IN THE INDICTMENT, it's understood the law of parties allows for the swapping of roles amongst those INDICTED. But when charged as a SOLE ACTOR under PC 19.03(a)(2) which is an offense of ONLY A SOLE ACTOR, Harmon SHOULD have upheld my Rights against no Notice or unfair surprise, &, my Right to Due Process. I've done quite a bit of research over these years on cases dealing with the addition of the law of parties (& even federal aiding & abetting) & canNOT find ANY cases that mandate it is NOT a violation of Notice, unfair surprise &/or Due Process to allow such an addition of other actors into a jury charge when indicted as acting alone under an offense dealing with only 1 actor. Musacchio v. U.S., 136 S.Ct. 709 ('16) strengthens Jackson by holding: "A sufficiency challenge should be assessed against THE ELEMENTS OF THE CHARGED CRIME, NOT against the ███ elements set forth in an erroneous jury ███ instruction." My "charged crime" that the State argued I be convicted under & under which Harmon upheld my conviction - is 19.03(a)(2). (See also Patterson v. N.Y., 432 U.S. 197, & Winship, 397 U.S. at 364). Jones v. U.S., 526 U.S. 227 is yet another Supreme Court ruling that refers to the elements "which must be charged in the indictment" & "proven beyond a reasonable doubt". (Note: Jones AND his 2 accomplices were cited in his indictment). The bottom line here is that for me to have been convicted under the last count, the State HAD to PROVE that I killed Farah while I burglarized the garage. But the State PROVED that I did NOT, & am completely INNOCENT of that charge. It was a fundamental miscarriage of justice for Harmon to have upheld my conviction on that charge of 19.03(a)(2).

  Here's my initial thoughts on what constitutes the "essential elements" required by a Jackson determination. Going by the STATUTE of 19.03(a)(3), AND the INDICTMENT first 2 counts, the essential elements for the JURY CHARGE needed to be: 1) I DIRECTLY employed ONLY Prystash, & ONLY he & I partook in shooting Farah to death (for count 1);  2) I DIRECTLY employed ONLY Guidry, & ONLY he & I partook in shooting Farah to death (for count 2); & 3) I DIRECTLY shot & killed Farah myself while acting alone while I committed burglary acting alone (for count 3 - & going by 19.03(a)(2) as charged). Those seem to be the essential elements

Harmon SHOULD have "determined" to use for a proper assessment of the legal insufficiency claims. If she had, then for count 1 - the evidence proved I'm innocent of that scenario because NEITHER Prystash nor I shot Farah to death. For count 2 - the evidence proved, & the State has conceded many times from trial thru appeals - that I'm innocent of this scenario also because I did NOT know of Guidry's existence or employ him or have anything to do with his actions that night. For count 3, the State proved my innocence completely as I was not even at the scene. This is what Harmon SHOULD have concluded under Jackson, & she SHOULD have acquitted me & Ordered me released from my unlawful confinement.

In her assessment of the Constructive Amendment aspect of legal insufficiency, it commenses on M&O p.73. She starts off abusing her discretion &/or commiting errors of law &/or facts by misconstruing the claim by addressing defect in the indictment. My indictment is NOT defective & we did NOT claim it was. The fact the State neglected to cited Prystash & Guidry in counts under 19.03(a)(2) is THEIR issue, not mine. But here again she refused to address Notice & Due Process, & even unfair surprise as she duly noted was argued by my attorney (See p.73, sentences 4-5). On p.74 she said I did not show constitutional error. Is "unfair surprise" not such error? And most importantly she severely abused her discretion in footnote 35 where she acknowledged other potential errors were identified, yet she chose not to outline their merits. This can be construed as including MY 2 pro se direct appeal briefs attached as Exhibits 1 & 2 - which argue violations of Notice & Due Process, & the legal insufficiency under a fatal/material VARIANCE, which is DIFFERENT from constuctive amendment. Harmon SHOULD have used her discretion to take the variance arguments into consideration along with Notice & Due Process. She abused her discretion by not addressing any arguments from the Exhibits, especially since my attorney quoted them & referred to them in his arguments. A variance IS a legal insufficiency of the evidence. And "a variance arises when the evidence adduced at trial establishes facts different from those alleged in an indictment"(Berger v. U.S., 295 U.S. 78, 79). Harmon SHOULD have assessed that conclusion even without reading my Exhibits 1 & 2.

Harmon also should have assessed there was "no evidence" under Thompson, 362 U.S. 199 for the last count.

Harmon abused her discretion by taking it upon herself to throw "conspiracy" (aka "scheme") into her assessment. See M&O pgs. 71-72. Read everything else I already cited in my Rule 60 filings.

The Gonzalez, Bledsue, Webb, & Satterfield cases ALL give EXCELLENT grounds

(4)

for the filing & GRANTING of a Rule 60.  They & <u>Crutsinger</u>, 929 F.3d 259, 5th Cir. 2019 make it VERY CLEAR that Judge Hanen has TOTAL DISCRETION to accept a Rule 60 motion & reopen my case to reassess the legal insufficiency claims. Just cite all the "reasons" like I did. We attack the "proceedings" now. ~~[redacted]~~ We do: "not PRESENT a revisitation of the CLAIMS" themselves. The "revisitation of the claims" is done AFTER the case is reopened. (See <u>Crutsinger</u> at 264-265).  Keep citing <u>Jackson</u> & <u>Jones</u>, 119 S.Ct 1215 that Harmon violated or chose to ignore to abuse her discretion. They are excellent & what District Courts MUST abide by for sufficiency assessments.

    Harmon abused her discretion AND violated FRAP 4 rules AND my Rights to appeal BEFORE filing for COA. Keep an eye on the <u>Banister</u> ruling pending in the S.Ct. Reviving a filing under 59(e) is, I believe, a very valid reason for Judge Hanen to grant relief, &, recognize how this was yet another abuse of discretion by Harmon to add to the numerous others to PROVE there was severe "DEFECT IN THE INTEGRITY OF THE FEDERAL HABEAS PROCEEDINGS".

    Under <u>FRAP 4</u>, I also reserved the Right to file under Rule 60 because I mailed that Rule 59 & 60 motion 28 days after Harmon's judgment. My "mailing from my cell" IS to be considered the actual "filing date". So a Rule 60 filing now should be considered a RIGHT to do so.

    As for more Constitutional reasons, I have a <u>1st Amendment</u> Right to petition the government for redress of my grievances. Executing me rather than granting relief is cruel & unusual punishment under the <u>8th Amendment</u>. Under the <u>5th Amendment</u> I had a Right to be indicted for capital murder. Therefore my indictment should hold especially sacred over lesser offenses, yet Harmon only went by the jury charge instead.

    I also have other arguments for her wrongfully assessing procedural default of my insufficiency claims (such as her not taking all my insistences to be fully pro se in direct appeal; the CCA ruling on Opinion p.2 that I, "Fratta", did "NOT challenge the sufficiency of the evidence of guilt" when they KNEW I, "Fratta", most certainly DID in my pro se filings they ACKNOWLEDGED in the footnote on the same page; all the "denials" the CCA made for me to be pro se & also in my State habeas filings where I WAS designated fully pro se in a hearing by the trail court; the trial court's denial of my motion for a hearing on the legal insufficiency issues in 11.071 when I was fully pro se, etc, into consideration at all). But since she did rule on the merits, I guess we don't need to argue those EXCEPT to FURTHER show her abuse of discretion & defect in the proceedings' integrity.

We can also cite "new rule of law" of Webb & Crutsinger to go along WITH all the other reasons for relief.

I also cited reasons under USC 2254, etc, in my previous filings in the district court, 5th Circuit, & ceriorari, & I asked Judge Hanen to consider all those filings too.

Isn't the trial court's "denial" of my motion for a sufficiency of the evidence hearing - considered as having "exhausted the claim in State court"? Especially since the CCA denied my motion requesting a remedy from them for the trial court's denials. You didn't cite any of that 11.071 stuff, & Harmon refused to address it all too.

As I said yesterday, I'm FINE with you ADDITIONALLY citing a Schlup violation according to the 3rd Circuit's ruling in Satterfield, 872 F.3d 152, BUT this is where we had a severe conflict of interest because you (James) refused to introduce the "new evidence" of the confessions Prystash & Guidry gave to me - as I had insisted upon. This is another reason necessitating hybrid status for me so you can add what you want, & I'll add what I want & believe is meritorious. I did NOT hear what, if any reasons you gave to Judge Hanen to grant my motion for hybrid, but this is certainly 1 of many. And as I said, I'd STILL like those confessions admitted as new evidence, but I feel we don't need to introduce them YET, so long as we CAN bring them in thru ANOTHER Rule 60 filing IF Judge Hanen were to deny a Rule 60 relief under all the other reasons herein & in my filings already. You'll have to tell me if another Rule 60 can be filed like that.

The bottom line disagreement I think we still have, is that I want & INSIST on presenting a Rule 60 filing under (b)(6) - using the reasons herein & in my Rule 60 filings, & let Judge Hanen be the judge. The Supreme Court & 5th Circuit have made it CLEAR that the District Courts HAVE BROAD DISCRETION to grant relief. See Gonzalez, Liljeburg, Webb, ETC. Harmon ABUSED her discretion REPEATEDLY. Let's submit everything & let Judge Hanen use his discretion to REMEDY Harmon's injustices.

Let Hanen be the judge. Especially by citing, as I have, that he CAN grant relief under Rule 60(d)(1) if he choses not to under (b)(6) or 59(e).

I've been at this letter for 10 hours now. If I write any more - I may as well type up a new Rule 60 motion.

I want & need TEAMWORK; not renegade attorneys who refuse my lawful insistences. I hope Judge Hanen grants me as hybrid so we CAN be a TEAM.

Sincerely,   Bobby Fratta

(6)

OUTLINE FOR A NEW RULE 60 MOTION BASED ON DKTS 114-116, 127 & 128

    Start with my "II." Reasons heading. Keep my "A." & heading & "1)" Innocence paragraph. I'm fine if you can word it better than I did.

    Keep all of my "2)" & "a)".

    I now think "b)" should be that Harmon did not follow the <u>Jackson</u> mandate as I cited in the attached letter. Use that letter to cite supporting cases & the things she did. There's a lot of support in there to cite in a new motion.

    I think next of importance should be my "k)" from my 2nd Amendment in Dkt 127. Cite S.Ct. cases like <u>Dunn</u>, 442 U.S. 100 & <u>Berger</u>, 295 U.S. 78, then also <u>Gollihar</u>, 46 SW3d 243 & <u>Planter</u>, 9 SW3d 156.

    Next cite my "l)" - which is a small "L" - from my 3rd Amendment in Dkt 128.

    Next can be my "i)" in my original Amendment in Dkt 115, but it will need to be reworded since I now feel my "d)" can be omitted, plus, I guess it's ok to also say the wording can constitute solicitation of capital murder at the utmost; yet it's still NOT capital murder itself, but "solicitation", a lesser offense.

    Next can be my "j)" in Dkt 115 also.

    Next can be my "f)".

    Then my "g)".

    Then my "h)"

    We can omit my "c)", "d)", & "e)" - unless you feel differently.

    Now we come to my "3) Abuses of Discretion". I think all my reasons from "a)" thru "j)" can be kept, but I'm open to discussion for the last few. But, this is where another reason/abuse NEEDS to be ADDED, & probably right behind my "d)". As my enclosed letter says, she never considered the fact I was "DENIED" by the trial court & subsequently CCA during State habeas when I was designated as pro se only & motioned for a hearing on the sufficiency of the evidence, & for the CCA to remedy the trial court's denials of my motions & proposed findings of fact & conclusions of law where I proved my attorneys' 11.071 filing qualified as a "NON-application" for NOT attacking or seeking relief from the judgment of conviction as the laws mandate must be done. Not only was that all a miscarriage of justice, but I argue I DID exhaust the legal insufficiency issues. Harmon did not take ANY of my State habeas proceedings into consideration.

    For purposes of citing valid reasons for granting relief under Rule 60, I say ALL my "4) Lack of Counsel..." needs to be cited.

    I think my "5)" & "6)" of "Changed Circumstances" should remain.

I want my "7)" & "8)" to remain cited as reasons.

Next can be the Schlup reason(s) you had mentioned.

Next can be 2254 violations I've cited previously.

Next can cite new rule of law under such cases as Webb & Crutsinger as I stated in the attached letter.

Next can be anything else you can think of as a reason to reopen my case.

Then I want the "B. Defect in the Integrity..." That is a must.

Also must-haves are my "III.", "IV." & "V."

I also feel my "VI." & "VII." should remain, but we can discuss them.

That would conclude all I want & need cited in a new Rule 60 motion.

*Bobby*

(8)

Dear Clerk Bradley,                                              5/3/20 (Mailed 5/4)

    Enclosed is a 2 page motion with an attachment of an 8 page letter to please be scanned onto my Docket along WITH the motion, & placed into my files together also - for Judge Hanen to review.

    Thank you.

                                              Sincerely,

                                              Robert Alan Fratta

                                              No. 4:13-cv-03438

