United States District Court
Southern District of Texas
**ENTERED**
June 04, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROBERT ALAN FRATTA, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 4:13-CV-3438 |
| § | |
| LORIE DAVIS, § | |
| § | |
| Respondent. § | |

## ORDER

Texas death-row inmate Robert Alan Fratta has been represented by legal counsel throughout the course of this federal habeas action. Fratta has filed numerous *pro se* pleadings and letters throughout these proceedings. Fratta has repeatedly complained about his attorneys' representation and sought to litigate issues *pro se* which they have chosen not to advance. Most recently, Fratta wants to challenge the denial of his federal habeas petition under Rule 60 of the Federal Rules of Civil Procedure.

Since this Court issued judgment in this case, Fratta has continued to submit various post-judgment motions and letters. (Docket Entry Nos. 87, 88, 97-100, 105, 107, 114-16, 119, 125-128). The Court has repeatedly denied Fratta's *pro se* motions and stricken them from the record. (Docket Entry No. 90, 106, 118, 123). Fratta has recently filed a motion for permission for hybrid representation, (Docket Entry No. 130), and related pleadings and letters seeking to advance his post-judgment motions (Docket Entry Nos. 131, 133, 134). Fratta asks the Court to accept filings both from his attorneys and from himself personally. "In all courts of the United States the parties may plead and conduct their own cases personally *or* by counsel . . . ." 28 U.S.C. § 1654 (emphasis

added) "Courts have consistently interpreted this statute as stating a defendant's rights in the disjunctive." *United States v. Daniels*, 572 F.2d 535, 540 (5th Cir. 1978). A litigant, therefore, does "not have a right to a hybrid representation, partly by himself and partly by counsel." *United States v. Shea*, 508 F.2d 82, 86 (5th Cir. 1975); *see also McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984) (finding that *pro se* litigants have no right to "hybrid representation" because "[a] defendant does not have a constitutional right to choreograph special appearances by counsel").

The record does not demonstrate any concern about counsel's ability to represent Fratta's interests in a competent and zealous manner. The Court has inquired into Fratta's claims of inadequate legal representation. In light of counsel's response (Docket Entry No. 132), the Court finds that no valid concern exists about their performance in this case. From counsel's description of the current lawyer/client relationship, it is obvious that Fratta has been given ample opportunities to consult with his attorneys over his legal options and strategy. Because counsel has performed in a competent and professional manner, nothing demonstrates the need for hybrid representation in this case.

The Court, therefore, **ORDERS** that Fratta's recent *pro se* pleadings **WILL BE STRICKEN** from the record. (Docket Entry Nos. 130, 131, 133, 134). The Court again instructs Fratta to cease filing *pro se* documents. The Court cautions Fratta that any further attempts to do so will be interpreted as deliberately acting in direct contravention of a court order. The Court will strike all future *pro se* filings. The Court instructs Fratta to express any concerns about his legal options through his attorneys who, as officers of

2

the court, are expected to pass them along as determined by their informed legal judgment.

SIGNED at Houston, Texas this 4th day of June, 2020.

Andrew S. Hanen
United States District Court Judge