IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROBERT ALAN FRATTA, § | |
|        Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:13-cv-03438 |
| § | (Death Penalty Case) |
| BOBBY LUMPKIN, Director, § | |
| Texas Department of Criminal § | |
| Justice, Correctional Institutions § | |
| Division, § | |
|        Respondent. § | |

**RESPONDENT'S OPPOSITION TO PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT**

Petitioner Robert Alan Fratta previously and unsuccessfully challenged the constitutionality of his state court capital murder conviction and death sentence in both state and federal courts. Fratta has now filed a motion under Federal Rule of Civil Procedure 60(b)(6) seeking to reopen the Court's previous judgment. Fratta asserts that recent Supreme Court precedent justifies reconsideration of this Court's default of his insufficiency and fatal variance claims. He also argues that this Court's decision denying his Rule 59(e) motion was in error under current law. Finally, he argues that his case presents sufficiently extraordinary circumstances to warrant reopening. Mot. at 2. However, a new Fifth Circuit decision clarifies that because this Court made an alternate merits determination on his claims, this motion is an improper successive petition. Thus, this Court lacks jurisdiction to consider it. And

Fratta fails to demonstrate the extraordinary circumstances necessary for this Court to grant Rule 60(b) relief.

## ARGUMENT

Fratta's Rule 60(b) motion is an impermissible second-or-successive habeas petition. Construing Rule 60(b) in accordance with the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the Supreme Court has explained that the rule cannot be used to circumvent the statute's proscriptions against second-or-successive petitions. *Gonzalez v. Crosby*, 545 U.S. 524, 531–32 (2005). Because of the rule's "comparative leniency," petitioners sometimes "file what are in fact second-or-successive habeas petitions under the guise of Rule 60(b) motions." *In re Edwards*, 865 F.3d 197, 203 (5th Cir. 2017) (per curiam). Given that tendency, a federal court must determine whether the motion either: "(1) presents a new habeas claim . . . or (2) 'attacks the federal court's previous resolution of a claim on the merits.'" *Id.* (citing *Gonzalez*, 545 U.S. at 530, 532); *see also Balentine v. Thaler*, 626 F.3d 842, 846 (5th Cir. 2010) ("A Rule 60(b) motion should be denied if it challenges on the merits an earlier denial of habeas relief." (citing *Gonzalez*, 545 U.S. at 532)). If it does either, it must be treated as a second-or-successive petition. *In re Edwards*, 865 F.3d at 203.

The statute governing successive petitions, as well as Supreme Court decisions, make clear that a "claim" is "'an asserted federal basis for relief from a state court's judgment of conviction.'" *See Crutsinger v. Davis*, 929 F.3d 259, 265 (5th Cir. 2019) (quoting *Gonzalez*, 545 U.S. at 530); 28 U.S.C. § 2244(b). A claim has been resolved on the merits when a federal court has determined that there are no "grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." *In re Edwards*, 865 F.3d at 204 (quoting *Gonzalez*, 545 U.S. at 532 n.4). This contrasts with an allegation "'that a previous ruling which *precluded* a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.'" *Id.* (quoting *Gonzalez*, 545 U.S. at 532 n.4) (emphasis added). That is, a district court only has jurisdiction to consider a Rule 60(b) motion when it "'. . . attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.'" *Crutsinger*, 929 F.3d at 265 (quoting *Gonzalez*, 545 U.S. at 532).

Here, Fratta argues that he has filed a proper Rule 60(b) motion because he is challenging two procedural determinations. Mot. at 16. Specifically, he alleges that he is attacking the enforcement of the state's procedural bar and the Circuit's prior practice of construing some 59(e) motions as successive

3

petitions. *Id*. Fratta also asserts that the Court's alternative merits analysis of his claims has been "undermined" by the procedural defects. *Id*. at 16–17. But Fratta overlooks that the Fifth Circuit recently decided *Will v. Lumpkin*, No. 18-70030 (5th Cir. Oct. 22, 2020), attached as Appendix. As the court summarized,

> The crux of our inquiry is simple—is a merits analysis in the alternative a merits determination? If so, the district court's procedural disposition did not preclude a merits determination and, in turn, Will's Rule 60(b) motion presents a habeas claim. Because we hold that a full merits analysis in the alternative is a merits determination, the court's procedural disposition did not "preclude[] a merits determination." Therefore, Will's Rule 60(b) motion—attacking a procedural ruling paired with a merits determination in the alternative—is a successive habeas petition that we lack jurisdiction to consider.

*Will*, Appx at 7–8 (footnotes omitted). Fratta admits this Court reached the merits of his claims. Mot. at 16–17, *see also* Mem. & Op., ECF No. 80, at 64–75. Thus, under now-existing precedent, Fratta's motion is an impermissible successive petition and this Court lacks jurisdiction to grant relief.

Further, even assuming *Will* was inapplicable, Fratta fails to demonstrate the extraordinary circumstances required for relief. A final judgment may be lifted under Rule 60(b)(6) for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). However, the moving party must show "extraordinary circumstances," which the Supreme Court has "explained . . . 'will rarely occur in the habeas context.'" *Buck v. Davis*, 137 S.

Ct. 759, 772 (2017) (quoting *Gonzalez*, 545 U.S. at 535). As shown below, Fratta fails to prove entitlement to post-judgment relief. Moreover, the Fifth Circuit has not explicitly adopted the analysis from *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981), that Fratta relies upon. Mot. at 3; *Haynes v. Davis*, 733 F. App'x 766, 769 (5th Cir. 2018).

First, Fratta seeks to relitigate his claim that the evidence was insufficient to convict him. This Court extensively discussed Fratta's claim and denied it. Mem. & Op., ECF No. 80, at 65–72. Specifically, this Court found that "sufficient evidence allowed for Fratta's conviction for capital murder in the course of a burglary." *Id.* at 72. This Court also held that there was sufficient evidence to convict Fratta "if he employed Prystash or Guidry and one of the two men killed her." *Id.* Fratta does not demonstrate either conclusion is in error.

Instead, Fratta mostly argues that unrelated precedent regarding a defendant's rights to direct his defense at trial and file an appeal should overcome the long-established prohibition against hybrid representation. Mot. at 8–11; *Landers v. State*, 550 S.W.2d 272, 280 (Tex. Crim. App. 1977) ("There is no constitutional right in Texas to hybrid representation partially pro se and partially by counsel."). None of Fratta's cited cases pertain to hybrid representation, a practice this Circuit also prohibits. *United States v. Pittman*,

5

698 F. App'x 175, 176 (5th Cir. 2017) (unpublished). Fratta's citations to cases that are inapposite fail to demonstrate anything extraordinary in his case.

To the extent that Fratta argues that *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018), and *Garza v. Idaho*, 139 S. Ct. 738 (2019), have repealed the bar on hybrid representation, Fratta identifies no court that has held that to be the case. And this Court cannot overturn Fifth Circuit precedent. Moreover, neither case deals with hybrid representation. *McCoy* recognizes the defendant's right to insist that counsel not concede guilt at trial. Fratta's hybrid representation before both this and the state court is simply not the same. The *Garza* case involved a situation wherein counsel was found ineffective for refusing to file a notice of appeal in light of the defendant's requests, despite the defendant's previous waiver of appeal. Again, this case is inapplicable here as Fratta had his direct appeal. In summary, neither case supports overturning the prohibitions on Fratta's desire for hybrid representation.

Fratta similarly fails to demonstrate this Court's denial of his fatal variance claim is in error. Again, this Court extensively discussed Fratta's defaulted claim and concluded it had no merit. Mem. & Op., ECF No. 80, at 73–75. Fratta shows no exceptional circumstance in the denial of his claim. *In re Wardlow*, 819 F. App'x 234, 237 (5th Cir. 2020) (unpublished) ("If anything,

addressing the merits after recognizing a procedural bar [. . .] shows the district court's conscientious treatment of [petitioner's] case, not its neglect.").

Next, Fratta relies on a mere change in the law—*Banister v. Davis*, 140 S. Ct. 1698 (2020)—to demonstrate entitlement to relief. Such is insufficient under Rule 60(b)(6). *See, e.g.*, *Adams v. Thaler*, 679 F.3d 312, 319–20 (5th Cir. 2012). For example, in *Gonzalez*, a district court did not reach the merits of an inmate's claims because, under then-existing law, the habeas petition was untimely. 545 U.S. at 527. Months later, the Supreme Court issued an opinion that arguably rendered the time-bar ruling incorrect. *Id*. at 537. Assuming incorrectness, the Supreme Court found that Rule 60(b)(6) relief was unwarranted because "[i]t is hardly extraordinary that subsequently, after petitioner's case was no longer pending, this Court arrived at a different interpretation." *Id*. If a change in law that entirely precluded merits review is not sufficient to warrant Rule 60(b)(6) relief, then a change in the law on a lesser matter—the denial of a motion to reconsider—necessarily cannot warrant Rule 60(b)(6) relief.

Further, Fratta's pro-se 59(e) motion was not denied under *Banister*. Fratta's 59(e) motion was denied because he violated the rule against hybrid representation. ECF No. 90. Moreover, Fratta does not demonstrate that his attorneys erred in failing to file any points listed in his stricken motion for

7

relief. And Fratta filed a request for a certificate of appealablity in the Fifth Circuit was denied on the grounds that Texas's hybrid representation bar is valid. *Fratta v. Davis*, 889 F.3d 225, 227–31 (5th Cir. 2018).

Finally, Fratta's motion is untimely. A motion under Rule 60(b)(6) must be made "within a reasonable time," "unless good cause can be shown for the delay." Fed. R. Civ. P. 60(c)(1); *In re Osborne*, 379 F.3d 277, 283 (5th Cir. 2004) (citing *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 287–88 (5th Cir. 1985)). As the Fifth Circuit has held,

> Reasonableness turns on the particular facts and circumstances of the case. We consider "whether the party opposing the motion has been prejudiced by the delay in seeking relief and . . . whether the moving party had some good reason for his failure to take appropriate action sooner." "[T]imeliness . . . is measured as of the point in time when the moving party has grounds to make [a Rule 60(b)] motion, regardless of the time that has elapsed since the entry of judgment."

*Clark v. Davis*, 850 F.3d 770, 780 (5th Cir. 2017). Assuming these cases even apply here, *McCoy* was decided over two years before Fratta filed this motion, and *Garza* was decided over nineteen months ago. The *Banister* decision is newer but as shown above it clearly does not apply to Fratta's stricken motion. As *Clark* notes, "In *Tamayo v. Stephens*[, 740 F.3d 986, 991 (5th Cir. 2014) (per curiam)], we affirmed the district court's judgment, which held that a Rule 60(b) motion, filed nearly eight months after the pertinent change in decisional law, was untimely." 850 F.3d at 782. The appellate court has also held that a

delay of nineteen months is untimely. *Pruett v. Stephens*, 608 F. App'x 182, 186 (5th Cir. 2015). Thus, even if Fratta's motion is jurisdictionally proper, it still should not be considered.

## CONCLUSION

For these reasons, the Director respectfully requests that this Court deny Fratta's motion for Rule 60(b)(6) relief.

                                          Respectfully submitted,

                                          KEN PAXTON
                                          Attorney General of Texas

                                          BRENT WEBSTER
                                          First Assistant Attorney General

                                          EDWARD L. MARSHALL
                                          Chief, Criminal Appeals Division

                                          /s/ Ellen Stewart-Klein
                                          ELLEN STEWART-KLEIN*
                                          Assistant Attorney General
*Lead Counsel                            State Bar No. 24028011
                                          Southern District Bar No.27861


                                          P.O. Box 12548, Capitol Station
                                          Austin, Texas 78711-2548
                                          (512) 936-1400
                                          (512) 320-8132 (Fax)
                                          E-mail: ellen.stewart-klein@oag.texas.gov

                                          ATTORNEYS FOR RESPONDENT

## CERTIFICATE OF SERVICE

I certify that, on November 12, 2020, a true and correct copy of the above pleading was electronically served to the following counsel for Fratta by filing the foregoing document with the Clerk of the Court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court:

JAMES RYTTING
819 Lovett Boulevard
Houston, Texas 77006

JOSHUA FREIMAN
919 Congress, Suite 950
Austin, Texas 78701

                                            /s/ Ellen Stewart-Klein
                                            ELLEN STEWART-KLEIN
                                            Assistant Attorney General