United States District Court
Southern District of Texas
**ENTERED**
January 22, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT ALAN FRATTA, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-3438 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## ORDER

On September 18, 2017, this Court denied Texas death row inmate Robert Fratta's federal petition for a writ of habeas corpus. (Docket Entry No. 80). The Fifth Circuit affirmed this Court's judgment in 2018. *Fratta v. Davis*, 889 F.3d 225 (5th Cir. 2018). Now, over three years after the Court entered judgment, Fratta seeks relief under Rule 60(b) of the Federal Rules of Civil Procedure. (Docket Entry No. 141). Fratta's 2020 Rule 60(b) motion[1] raises three issues:

1. Whether two Supreme Court decisions, *Garza v. Idaho*, 139 S. Ct. 768 (2019) and *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018), require reconsideration of whether Fratta defaulted claims one and two by presenting them to the state courts in *pro se* pleadings.

2. Whether the Supreme Court's decision in *Banister v. Davis*, 140 S. Ct. 1698 (2020) relating to habeas successive-petition standards requires reconsideration of Fratta's *pro se* 2017 Rule 59(e) motion.

3. Whether Fratta otherwise shows extraordinary circumstances requiring the reopening of judgment.

(Docket Entry No. 141 at 2).

---

[1] Fratta has filed numerous *pro se* post-judgment pleadings. To clarify the matters currently at issue, the Court will refer to the *pro se* Rule 59(e) motion Fratta filed after the denial of his habeas petition (Docket Entry No. 87) as his "2017 Rule 59(e) motion" and the instant post-judgment motion filed by his attorneys (Docket Entry No. 141) as his "2020 Rule 60(b) motion."

1

This is not Fratta's first pleading challenging the denial of habeas relief. Since the entry of judgment, Fratta has submitted numerous *pro se* post-judgment motions and letters. (Docket Entry Nos. 87, 88, 97-100, 105, 107, 114-16, 119, 125-128, 130, 131, 133, 134, 136-140). Because a litigant does "not have a right to a hybrid representation, partly by himself and partly by counsel," *United States v. Shea*, 508 F.2d 82, 86 (5th Cir. 1975), the Court has repeatedly denied Fratta's *pro se* motions and stricken them from the record. (Docket Entry No. 90, 106, 118, 123, 135, 142). The 2020 Rule 60(b) motion is the first post-judgment challenge filed by Fratta's attorneys.

Respondent Bobby Lumpkin opposes Fratta's 2020 Rule 60(b) motion. (Docket Entry No. 143). Respondent argues that, because the Court denied the merits of claims one and two in the alternative, Fratta's post-judgment challenge to a procedural bar amounts to a successive petition. Alternatively, Respondent contends that Fratta has not filed his 2020 Rule 60(b) motion in a timely manner and that he has failed to show extraordinary circumstances justifying post-judgment relief.

After considering the pleadings, the record, and the relevant law, the Court denies Fratta's post-judgment motion for the reasons set out below.

## I. AEDPA's Successive Petition Standards

As a preliminary matter, the Court must decide whether Fratta has filed a true Rule 60(b) motion or whether he has, in effect, filed a successive federal habeas petition. AEDPA precludes successive habeas proceedings without prior circuit authorization. *See* 28 U.S.C. § 2244(b). "Because of the comparative leniency of Rule 60(b), petitioners sometimes attempt to file what are in fact second-or-successive habeas applications under the guise of Rule 60(b) motions." *In re Edwards*, 865 F.3d 197, 203 (5th Cir. 2017); *see also Banister v. Davis*, 140 S. Ct. 1698, 1710 (2020) ("A Rule 60(b) motion . . . threatens serial habeas litigation; indeed, without rules suppressing abuse, a prisoner could bring such a motion endlessly.").

2

Recent cases have extensively explored when a post-judgment motion is actually a successive habeas petition. In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court found that "there are two circumstances in which a district court may properly consider a Rule 60(b) motion in a § 2254 proceeding: (1) the motion attacks a 'defect in the integrity of the federal habeas proceeding,' or (2) the motion attacks a procedural ruling which precluded a merits determination." *Gilkers v. Vannoy*, 904 F.3d 336, 344 (5th Cir. 2018) (quoting *Gonzalez*, 545 U.S. at 532); *see also Williams v. Thaler*, 602 F.3d 291, 302 (5th Cir. 2010) (stating that "'when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings,' courts should not construe the motion as a second or successive petition").

Fratta's 2020 Rule 60(b) motion attacks this Court's resolution of the first two claims in his federal habeas petition. The Court found that Fratta had defaulted consideration of those claims under Texas' prohibition on hybrid representation. Specifically, the Texas Court of Criminal Appeals held that Fratta "is not entitled to hybrid representation. Thus, we do not address his *pro se* points." *Fratta v. State*, 2011 WL 4582498, at *1 (Tex. Crim. App. 2011) (citations omitted). With that state procedural ruling, this Court found that

> Texas courts have long held that inmates possess no right to hybrid representation and that any pro se brief supplementing that filed by counsel provides "nothing for review." *Rudd v. State*, 616 S.W.2d 623, 625 (Tex. Crim. App. 1981). Texas' prohibition on hybrid representation is an adequate and independent bar to federal review. *See Pippin v. Dretke*, 434 F.3d 782, 792-93 (5th Cir. 2005); *Powell v. Cockrell*, 35 F. App'x 386 (5th Cir. 2002).

(Docket Entry No. 80 at 30) (footnote omitted). Alternatively, the Court denied claim one and two on the merits.

3

Fratta's 2020 Rule 60(b) motion argues that recent Supreme Court precedent shows that the Texas Court of Criminal Appeals wrongly applied its procedural law, which in turn should not have barred federal consideration of claims one and two. Primarily, Fratta contends that recent precedent from *Garza v. Idaho*, 139 S. Ct. 768 (2019) and *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018), "changed the law governing the attorney-client relationship" and show that "the procedural obstacle to this Court's review of [his] claims should be set aside." (Docket Entry No. 141 at 8). Fratta argues that an extension of the principles from *McCoy* and *Garza* should preclude courts from disallowing hybrid representation, as the Texas Court of Criminal Appeals did on direct appeal.

At issue in this case is AEDPA's prohibition against inmates raising "a claim . . . in a second or successive habeas corpus application . . . that was presented in a prior application." 28 U.S.C. § 2244(b)(2). When an inmate challenges a previous ruling on the merits of his habeas petition, "he is making a habeas corpus claim." *Gonzalez*, 125 S. Ct. at 2648 n.4. However, "[h]e is not doing so when he merely asserts that a previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.*

Even if the Court of Criminal Appeals improperly rejected Fratta's *pro se* arguments on procedural grounds, this Court alternatively considered and rejected claims one and two on the merits. The Fifth Circuit has found in similar circumstances that "a review of the procedural-default conclusion . . . would be fruitless without a review of the order's other conclusion—that, alternatively, the [underlying] claim failed on the merits." *Will v. Lumpkin*, 978 F.3d 933, 938 (5th Cir. 2020). Thus, any review of the merits "would constitute a second or successive habeas petition, beyond the purview of Rule 60(b), and beyond the district court's jurisdiction under §

4

2244." *Id.* In those circumstances, the Fifth Circuit has held that "a full merits analysis in the alternative is a merits determination, the court's procedural disposition did not preclude[ ] a merits determination." *Id.* at 939. (quotation omitted). Accordingly, a "Rule 60(b) motion—attacking a procedural ruling paired with a merits determination in the alternative—is a successive habeas petition that [a district court] lack[s] jurisdiction to consider." *Id.*

Fratta attempts to distinguish *Will* on two grounds. Fratta first argues that he does not attack a procedural ruling, but instead challenges "defect in the integrity of the federal habeas proceeding." *See Gonzalez*, 545 U.S. at 532. The Supreme Court in *Gonzalez* observed that an inmate does not run afoul of AEDPA's successive-petition prohibition when his motion attacks a "defect in the integrity of the federal habeas proceeding." *Gonzalez*, 545 U.S. at 532. The Supreme Court has not exhaustively defined what it meant in *Gonzalez* by a "defect in the integrity of the federal habeas proceedings," but has identified "fraud on the federal habeas court [a]s one example of such a defect." *Gonzalez*, 545 U.S. at 532 & n.5. Fratta contends that he has identified two defects in the proceedings: (1) recent Supreme Court authority in *McCoy* and *Garza* undercut the procedural bar of his claims under Texas' hybrid-representation rule and (2) the Supreme Court has rejected the Fifth Circuit's former treatment of all Rule 59(e) motions challenging the merits as successive habeas petitions. (Docket Entry No. 141 at 16).

Fratta's reliance on *Gonzalez*'s defect-in-the-proceedings language is unavailing. As an initial matter, Fratta does not describe how a federal court's reliance on a State's own procedural law amounts to a defect in the federal proceedings as described in *Gonzalez*.[2] Fratta has not shown that Texas' own hybrid-representation rule resulted in fraud in his federal habeas proceedings.

---

2   Fratta cites several Fifth Circuit cases which found a defect in the proceedings, but all involved errors in the habeas action, not in state court. *See Clark v. Davis*, 850 F.3d 770, 779-80 (5th Cir. 2017) (attacking federal habeas

Fratta also attempts to distinguish the Fifth Circuit's precedent by arguing that "recent Supreme Court law makes clear that prior Fifth Circuit precedent deprived Mr. Fratta of the opportunity to ask this Court to revisit its merits ruling under the important and available avenue of Federal Rule of Civil Procedure 59(e)." (Docket Entry No. 141 at 6). Specifically, Fratta relies on the Supreme Court's decision in *Banister v. Davis*, 140 S. Ct. 1698 (2020). Overruling prior Fifth Circuit precedent, the *Banister* court held that a Rule 59(e) motion may not count as a "second or successive application" under 28 U.S.C. § 2244(b). *Id.* at 1702. Fratta argues that, "[i]n light of *Banister*, this Court should equitably consider the legal arguments Mr. Fratta made in support of his Rule 59 motion and reconsider its determination that Mr. Fratta's claims lack merit." (Docket Entry No. 141 at 21). Fratta's argument fails for several reasons. First, Fratta's arguments do not allege a defect in *these* proceedings, but rather in *all* habeas proceedings before the change in law. Taken to its logical extreme, Fratta's argument would allow any petitioner who had been denied relief before *Banister* to seek post-judgment relief anew. Nothing in *Gonzalez* indicates that the defect-in-the-proceedings language was intended to cast such a wide net. Second, Fratta has not identified any precedent treating changes in habeas law concerning post-judgment motions as a defect in the adjudication of a claim's merits. Third, nothing in the record indicates that counsel wished to challenge this Court's judgment through a Rule 59(e) motion but did not do so because of Fifth Circuit precedent. Fourth, Fratta's 2020 Rule 60(b) motion complains about a ruling, not a structural error in the habeas process equal to fraud. The core of Fratta's complaints

---

counsel's conflict of interest); *Crutsinger v. Davis*, 929 F.3d 259, 265 (5th Cir. 2019) (attacking denial of pre-petition investigative funding under 18 U.S.C. § 3599(f)); *United States v. McDaniels*, 907 F.3d 366, 370 (5th Cir. 2018) (attacking denial of request for an evidentiary hearing).

focus on what the Court decided, not on factors external to that decision. Simply, Fratta has not shown that his 2020 Rule 60(b) attacks a defect in his habeas proceedings.

Under the Fifth Circuit's precedent, Fratta's most-recent post-judgment proceedings is actually a successive petition for a writ of habeas corpus. Fratta must seek leave in the Fifth Circuit before the Court has jurisdiction to consider his 2020 Rule 60(b) motion.

## II. Alternative Rule 60(b) Analysis

Notwithstanding a petitioner's failure to comply with AEDPA's successive petition requirements, a district court may also deny a Rule 60(b) motion in the alternative. *See In re Garcia*, 756 F. App'x 391, 394 (5th Cir. 2018). Rule 60(b) allows for relief from judgment under six enumerated circumstances. Fratta specifically moved for relief from judgment under Rule 60(b)(6), known as the "catchall provision." *Solis v. Dretke*, 436 F. App'x 303, 306 (5th Cir. 2011). Rule 60(b)(6) strikes a balance "between the desideratum of finality and the demands of justice." *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. 1981). Rule 60(b)(6) motions "will be granted only if *extraordinary circumstances* are present." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002) (emphasis added); *see also Gonzalez*, 545 U.S. at 535. "Such circumstances will rarely occur in the habeas context." *Gonzalez*, 545 U.S. at 535.

The Fifth Circuit "has articulated a number of equitable factors relevant to the Rule 60(b) inquiry" which serve "as a guide in evaluating the strength of a motion":

> (1) That final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether the motion was made within a reasonable time; (5) whether if the judgment was a default or a dismissal in which there was no consideration of the merits the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether if the judgment was rendered after a trial on the merits the movant had a fair opportunity to present his claim or defense; (7) whether there are intervening equities that would

7

> make it inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under attack.

*Haynes v. Davis*, 733 F. App'x 766, 767 (5th Cir. 2018) (quotation omitted). Other relevant considerations include a "wide range of factors" such as "'the risk of injustice to the parties' and 'the risk of undermining the public's confidence in the judicial process.'" *Buck v. Davis*, 137 S. Ct. 759, 778 (2017) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988)). In such cases, however, the Fifth Circuit has "cautioned that in the context of habeas law, comity and federalism elevate the concerns of finality, rendering the 60(b)(6) bar even more daunting." *Raby v. Davis*, 907 F.3d 880, 885 (5th Cir. 2018) (quotation omitted); *see also Haynes*, 733 F. App'x at 769.

Fratta points to four factors that allegedly justify reopening the judgment in this case: (1) "the Court barred relief on substantial claims through which Mr. Fratta would have shown his innocence of the capital offenses with which he was charged"; (2) Fratta has made diligent *pro se* efforts to champion his innocence; (3) changes in the law defining the relationship between criminal attorneys and their clients in *Garza* and *McCoy* undermine the Court of Criminal Appeals' procedural bar; and (4) Fifth Circuit law governing Rule 59(e) motions precluded this Court from reconsidering the alternative merits ruling. (Docket Entry No. 141 at 1).

Respondent, in turn, argues that Fratta's Rule 60(b) motion fails on two important grounds: Fratta has not "(1) ma[d]e the motion within a reasonable time, Fed. R. Civ. P. 60(c)," and not "(2) establish[ed] that extraordinary circumstances justify the reopening of the final judgment." *Crutsinger v. Davis*, 936 F.3d 265, 267 (5th Cir. 2019); *see also In re Edwards*, 865 F.3d 197, 203 (5th Cir. 2017).

8

The Court finds Fratta has not made a convincing argument that this Court erred in its procedural determination, much less the substantive denial of relief. Fratta premises much of his Rule 60(b) motion on interpreting *Garza* and *McCoy* in a manner which means that Texas should not have rejected his attempts to litigate claims one and two in *pro se* briefs. However, in doing so Fratta relies on Supreme Court precedent that has developed since judgment. "[C]ourts consistently recognize that a change in law after final judgment on a habeas petition does not necessarily constitute extraordinary circumstances." *Gonzales v. Davis*, 788 F. App'x 250, 253 (5th Cir. 2019); *see also Adams v. Thaler*, 679 F.3d 312-20 (5th Cir. 2012) (explaining that Supreme Court decisions changing governing law on procedural default did not constitute extraordinary circumstances). Fratta's 2020 Rule 60(b) motion fails because the new law on which he relies is not an extraordinary circumstance.

At any rate, *McCoy* and *Garza* did not change the law in a manner that requires reopening the judgment. Fratta contends that broad principles from *McCoy* and *Garza* "changed the scope of the rights of defendants who are intent on maintaining innocence" and thus "his appellate counsel, in tandem with the Texas courts, prevented [him] from raising this vital constitutional claim." (Docket Entry No. 141 at 9-10). The *McCoy* and *Garza* cases both addressed the allocation of responsibilities in the lawyer/client relationship. In *McCoy*, the Supreme Court held that a criminal defendant had a right to assert his innocence at trial, notwithstanding counsel's preference for a different strategy. The *Garza* Court held that an attorney rendered deficient performance by not filing a notice of appeal despite the defendant's clear requests. Neither of those cases implicate the situation addressed by the Court of Criminal Appeals—an inmate who continually files *pro se* pleadings, some of which proclaim his innocence.

Fratta has not cited any precedent which applies the *McCoy* or *Garza* cases in a manner which alters the traditional prohibition on hybrid representation, either at the state or federal level. Indeed, *McCoy* and *Garza* do not provide any basis for comingling the responsibilities held by counsel and by his client into hybrid representation.[3]

As a separate and secondary reason for Rule 60(b) relief, Fratta claims that the Court should reconsider its dismissal of his 2017 Rule 59(e) motion under *Banister v. Davis*, 140 S. Ct. 1698 (2020). In *Banister*, the Supreme Court reversed Fifth Circuit precedent and held that a Rule 59(e) motion to alter or amend a habeas court's judgment is not a second or successive habeas petition under 28 U.S.C. § 2244(b). Fratta argues that *Banister* should allow this Court to reconsider claims one and two because prior Fifth Circuit law would not have allowed him to challenge them in a timely Rule 59(e) motion.

Fratta's argument, however, does not account for the fact that the Court denied his *pro se* Rule 59(e) motion for reasons undisturbed by the *Banister* decision. This Court denied Fratta's 2017 Rule 59(e) motion because he had filed it *pro se* without authorization for hybrid representation, not because it was a successive petition. Nothing in the record suggests that counsel wished to file a Rule 59(e) motion, and particularly one based only on the arguments in

---

[3] Far from requiring States to allow hybrid representation, both *McCoy* and *Garza* reaffirm Texas' prohibition on hybrid representation and allow counsel to decide which claims to advance on appeal. *McCoy* specified that it is the lawyer who makes "decisions such as what arguments to pursue, what evidentiary objections to raise, and what agreements to conclude regarding the admission of evidence," only "[s]ome decisions . . . are reserved for the client—notably, whether to plead guilty, waive the right to a jury trial, testify in one's own behalf, and forgo an appeal." *McCoy*, 138 S. Ct. at 1511. While decisions reserved for the client "are choices about what the client's objectives in fact are," the Supreme Court clarified that "strategic choices about how best to achieve a client's objectives" are for the lawyer to make. *Id.* at 1508. Among those strategic choices, the Supreme Court in *Garza* clarified that "[w]hile the accused has the ultimate authority to decide whether to take an appeal, the choice of what specific arguments to make within that appeal belongs to appellate counsel." 139 S. Ct. at 746. By their own language, *McCoy* and *Garza* do not detract from Texas procedural law which barred consideration of Fratta's *pro se* appellate pleadings.

the 2020 Rule 60(b) motion, but chose not to because of Fifth Circuit precedent.[4] The Supreme Court's decision in *Banister*, therefore, does not constitute an extraordinary circumstance warranting post-judgment relief.

In sum, Fratta has not shown any extraordinary circumstance that would require Rule 60(b) relief. The Court, therefore, denies Fratta's Rule 60(b) motion in the alternative.

### III. Certificate of Appealability

A petitioner must obtain a certificate of appealability before appealing the denial of a Rule 60(b) motion. *See Hernandez v. Thaler*, 630 F.3d 420, 428 (5th Cir. 2011). A petitioner may obtain "[a] certificate of appealability . . . only if [he] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Under the applicable standard, the Court will not certify any issue for consideration by the Fifth Circuit.

### IV. Conclusion

For the reasons discussed above, the Court denies Fratta's Rule 60(b) motion. (Docket Entry No. 141). The Court will not certify any issue for consideration by the Fifth Circuit.

SIGNED at Houston, Texas this 21st day of January, 2021.

Andrew S. Hanen
United States District Court Judge

---

[4] Taken to its logical extreme, Fratta's argument would allow any petitioner who had been denied relief before *Banister* to file a Rule 59(e) motion, even years after the conclusion of any appeal. Nothing suggests that the Supreme Court intended that result.

11