Dear Clerk Bradley,                2/3/21 (mailed 2/4)

    I hope you received and scanned my 2/2/21 letter already so my attorneys can read it. Enclosed now is a one page continuation of yesterday's letter I ask you to also please scan onto my Docket as quickly as possible. I don't anticipate sending you anymore, — hopefully at all — if my attorneys will file what I want and need filed right away.

    Thank you.

                                   Sincerely,

                                     *[signature]*

                                   Robert Alan Fratta

                                   Case No. 4:13-cv-03438

United States Courts
Southern District of Texas
FILED

FEB 12 2021

Nathan Ochsner, Clerk of Court

Dear Josh, Jess, James, Michael & Adrian,     2/3/21 (Mailed 2/4)

I hope my 2/2/21 letter with the draft suggestion for a new Rule 60 filing got scanned onto my Docket & read by you already. There's at least one good point I forgot to make in that draft - which can be supported by a case law I got from the library this morning. If you recall, I've made this point to you several times before you filed, &, I asked you to please read Charles Thompson's certiorari because it cited good cases. A strong point I want you to make in a new Rule 60 filing AND in the 5th Circuit — is that my case is quite distinguishable from others who might try to argue Banister applies to them. In addition to the fact that a timely 59(e) was filed in my case but never ruled on its merits, the 5th Circuit ruled in Collins v. Morgan Stanley, 224 F.3d 496, 502, the following:

> "We notice that the district judge in this matter, like some other district judges in this Circuit, has the custom of usually, or even always, prohibiting litigants from filing motions for reconsideration or relief, such as those contemplated by FRCP 59 and 60. NO JUDGE HAS THAT AUTHORITY. Accordingly, we DIRECT the judge in this case, AND others in this Circuit, to ENTERTAIN post-judgment motions...Moreover, the district courts MUST carefully consider EACH such motion ON ITS MERITS, WITHOUT begrudging ANY party who wishes to avail himself of the opportunity to present such motions".

The fact the Judge Harmon, or Judge Hanen refuse to accept my pro se filings — is a moot point under Collins and Banister. INSTEAD of denying my RIGHT to a ruling on the merits of a 59(e) filing, Harmon SHOULD have Ordered James Rytting to file it ON MY BEHALF. This CAN be remedied now & MUST be remedied now under the Banister ruling by Hanen because it's his Court's judgment that is working this miscarriage of justice against me. Hanen must reopen my case and determine that NO law of parties can be added to the burglary murder count I was convicted under & my conviction upheld under — due to violations of Notice, Due Process, and State & federal laws and case laws. All this MUST be cited by YOU in a new Rule 60 filing AND to the 5th Circuit so neither appeal is lost due to you not meeting the deadlines. Oh, the fact that Harmon did not order Rytting to re-file the 59(e) on my behalf shows ANOTHER example of "defect in the integrity of the proceedings." CITE ALL THIS please.

Sincerely,
Bobby Fratta
*/Bobby/*

Robert A. Fratta
Polunsky Unit, #999189
3872 FM 350 South
Livingston, TX 77351

United States Courts
Southern District of Texas
FILED

FEB 12 2021

Nathan Ochsner, Clerk of Court

NORTH HOUSTON TX 773

11 FEB 2021 PM 8 L



LEGAL

David J. Bradley, Clerk of Court
5401 Bob Casey U.S. Courthouse
515 Rusk St.
Houston, TX
77002

77002-260099